■ DAVID BROWN CORPORATION LIMITED, Respondent, v. HEWITT-ROBINS INCORPORATED et al., Appellants.— Order, entered on December 28, 1964, unanimously reversed on the law, on the facts, and in the exercise of discretion, and the temporary injunction vacated as moot, without costs or disbursements to any party. Plaintiff David Brown Corporation (Brown) a stockholder of approximately 15% of the shares of Hewitt-Robins Inc. (Robins) sought to enjoin the issuance of 125,000 shares of stock issued by Robins and a proposed merger between Robins and Litton Industries, Inc. (Litton). Special Term enjoined Litton from voting 125,000 shares of common stock of Robins issued to it at a meeting called for the purpose of approving a proposed merger of Robins and Litton, and restrained Robins from counting any votes cast in respect to such stock. By the terms of the order the temporary injunction was to be valid and effective until trial of the action or until sooner vacated or modified. That portion of the order above referred to was stayed on consent by a Justice of this court to the extent of permitting votes to be cast at said meeting of the 125,000 shares with the proviso that such votes " shall not be counted in determining whether the proposed merger has been authorized by the vote of the holders of two-thirds ($2/3$) of the outstanding shares of Common Stock of Hewitt-Robins Incorporated entitled to vote thereon ". The stay provided also that if two thirds of the vote of the outstanding shares, exclusive of the 125,000 shares, approved the merger the defendants were free to apply to this court to dismiss the case as moot, or either side could apply at Special Term for relief deemed appropriate to the results of the stockholders' meeting. Two special meetings of the stockholders of Robins were held on January 14, 1965. The morning meeting was to and did vote upon a resolution approving the issuance of the 125,000 shares pursuant to a technical assistance agreement between Litton and Robins. In accordance with the provisions of the by-laws of Robins, the close of business December 4, 1964, had been fixed as the record date for the determination of the holders of the common stock entitled to notice of and to vote at the special meeting called for 9:30 A.M. January 14, 1965. The certificate of inspectors of the morning meeting certified that as of the close of business December 4, 1964, there were 699,411 shares of common stock outstanding, entitled to one vote per share. Of this number 640,354 shares were represented at the meeting. The vote approving the stock issuance was 505,407 for and 134,947 against the issuance. The afternoon meeting of January 14, 1965 scheduled for 3:00 P.M. was to and did vote upon the agreement and plan of merger between Litton and Robins. The number of shares of common stock cast in favor of the merger, excluding the 125,000 shares in controversy, was 516,008 for, 137,523 against, or roughly 74% in favor of the merger. If the 125,000 shares were counted the totals would be 641,000 in favor, 137,523 opposed, or roughly 78% in favor of the merger. Under the provisions of the Business Corporation Law a " plan of merger or consolidation shall be authorized at a meeting of shareholders by vote of the holders of two-thirds of all outstanding shares

entitled to vote thereon." (Business Corporation Law, § 903, subd. [a], par. [2].) It is evident the requirement of the statute has been met, notwithstanding observance of the limitation imposed by the order, and no reason remains why the injunction should be continued. Concur — Breitel, J. P., Rabin, Valente, Stevens and Staley, JJ.