SPANCRETE NORTHEAST, INC., Appellant, v TRAVELERS INDEMNITY COMPANY, Respondent. — Appeals (1) from an order of the Supreme Court at Special Term (Hughes, J.), entered November 14, 1983 in Albany County,

which denied defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered April 18, 1984 in Albany County, which granted defendant's motion to renew and, upon renewal, granted defendant's motion and dismissed the complaint. ¶ Heretofore, Special Term did not address defendant's motion for summary judgment dismissing the complaint for failure to state a cause of action. Rather, in its order entered November 14, 1983, from which defendant took an appeal, it held that defendant was precluded from attacking plaintiff's claim by way of summary judgment since the Justice presiding had, on April 11, 1983, struck defendant's answer, granted plaintiff judgment by default on the issue of liability and directed an inquest on the issue of damages. However, this court reviewed the April 11, 1983 order and reinstated defendant's answer upon condition that defendant pay a $3,000 fine (*Spancrete Northeast v Travelers Ind. Co.*, 99 AD2d 623). Thereafter, defendant moved to renew its prior motion for summary judgment dismissing the complaint for failure to state a cause of action. By order entered April 18, 1984, Special Term granted defendant's motion for renewal of its prior motion, and, upon renewal, granted defendant's motion dismissing the complaint for failure to state a cause of action. Plaintiff has appealed from the April 18, 1984 order. ¶ Initially, we dismiss defendant's appeal from the order entered November 14, 1983 on the ground that it has been rendered academic by the granting of defendant's motion upon renewal. ¶ Briefly stated, defendant, as surety, issued performance and payment bonds with Bay State Tower, Inc., as principal and plaintiff as obligee with respect to a construction project in Brooklyn. Plaintiff was the general contractor and Bay State its subcontractor. Plaintiff claimed that Bay State performed its subcontract work defectively and ultimately abandoned the job. The subcontractor commenced an arbitration proceeding against plaintiff, and defendant closed ranks with its principal in the arbitration proceeding and refused to pay plaintiff under either of the bonds. Alleging that defendant's refusal to pay together with its concerted action with its principal in the arbitration constituted bad faith, plaintiff commenced the subject action seeking both compensatory and punitive damages. ¶ Turning first to plaintiff's argument that a prior order which denied a previous motion for summary judgment on the ground that there were "no triable issues of fact" (CPLR 3212) established the law of the case and precludes the maintenance of this motion by defendant for identical relief, we hold that the first order did not have the proscriptive effect urged by plaintiff. A review of the decision on which the prior order was entered clearly indicates that the order was premised on the existence of two actions, one by plaintiff for payment pursuant to the performance bond and the second, to which the motion was addressed, alleging bad faith on defendant's part in not paying plaintiff's claims. Since the actions were based on dissimilar allegations, the first court determined that there were insufficient common questions of law or fact to support summary relief. Such a ruling, in our view, did not raise law of the case implications that would preclude maintenance of the present motion. ¶ However, we disagree with the conclusion reached by Special Term that the complaint's allegations did not state a cause of action. Special Term's decision that defendant, as surety, was entitled to resist payment upon its reasonable belief that its principal had viable defenses and counterclaims that would defeat plaintiff's claims is in accord with the general principle of surety law that a surety may assert a defense with respect to the transactions in suit between the plaintiff and the surety's principal. However, such holding does not comport with the facts as alleged herein. ¶ Here, defendant executed a bond agreement with plaintiff. A provision of that agreement stated that if the contractor shall be declared by the owner to be in default, a fact which allegedly occurred herein and which is not denied by

defendant, and the owner performed its obligations under the contract, the surety may promptly remedy the default, or shall promptly (1) complete the contract in accordance with its terms and conditions or (2) obtain a bid for completing the contract in accordance with its terms and conditions. Defendant did neither. Therefore, since the bond is a contract from which independent rights and obligations arise, we are constrained to hold that plaintiff has stated a cause of action (see *Continental Realty Corp. v Crevolin Co.,* 380 F Supp 246). ¶ Appeal from order entered November 14, 1983 dismissed, as academic, without costs. ¶ Order entered April 18, 1984 reversed, on the law, with costs, and defendant's motion for summary judgment denied. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.