■ SPANCRETE NORTHEAST, INC., Appellant, v TRAVELERS
INDEMNITY COMPANY, Respondent.—Weiss, J. Appeal (1) from
an order of the Supreme Court in favor of defendant, entered
October 18, 1984 in Albany County, upon a dismissal of the
complaint by the court at Trial Term (Kahn, J.), at the close
of all the evidence, and (2) from the judgment entered
thereon.

Plaintiff, a subcontractor for the manufacture and erection
of structural steel and precast concrete members, commenced
this action to recover compensatory and punitive damages
against defendant, the surety for Bay State Tower, Inc., a
subcontractor to plaintiff for the on-site erection of the compo-
nents supplied by plaintiff. Defendant had issued both perfor-
mance and labor and material payment bonds, each in the
sum of $192,000, the amount of the contract between plaintiff
and Bay State. Due to extra work agreed to by plaintiff and
Bay State, the subcontract price was increased to $222,687.23,
of which $180,715.51 had been paid for work completed before
Bay State abandoned the job following a dispute with plaintiff
over a claim for increased compensation for the extra work
allegedly performed. After notification of default by Bay State,
defendant employed a civil engineer as its representative and
agreed that plaintiff and the general contractor would com-
plete the job. Completion was effected at a cost of $26,279.58,
which sum defendant refused to pay because the amount
withheld from Bay State exceeded said cost. Defendant there-
after provided representation to Bay State in arbitration
proceedings Bay State had commenced to recover for the extra
work it had performed. Plaintiff's lawsuit against both Bay
State and defendant to recover upon the performance bond
was stayed and its claims were included in the arbitration,
which resulted in a $129,000 award to plaintiff against Bay
State, which award defendant paid.

Plaintiff commenced the subject action against defendant
alleging that defendant refused to pay plaintiff's costs in
effecting completion of the Bay State subcontract and that
defendant wrongfully pursued claims against plaintiff in the
arbitration. On a prior appeal by plaintiff from Special Term's

dismissal of the complaint, this court reversed, holding that the complaint alleged facts sufficient to state a cause of action for misconduct and breach of a bond obligation (*Spancrete Northeast v Travelers Indem. Co.,* 102 AD2d 917). After trial, Special Term dismissed plaintiff's action for failure to present a prima facie case of defendant's bad faith. Plaintiff took this appeal.

Initially, we note that New York generally does not permit recovery of punitive damages in a breach of contract action (*Vanderburgh v Porter Sheet Metal,* 86 AD2d 688, 689). In order to recover punitive damages, bad faith must be proven to the extent that it demonstrates an "extraordinary showing of a disingenuous or dishonest failure to carry out a contract" (*Gordon v Nationwide Mut. Ins. Co.,* 30 NY2d 427, 437, *cert denied* 410 US 931). It must appear that "the wrong complained of is morally culpable, or is actuated by evil and reprehensible motives, not only to punish the defendant but to deter him, as well as others who might otherwise be so prompted, from indulging in similar conduct in the future" (*Walker v Sheldon,* 10 NY2d 401, 404).

Defendant promptly agreed to have plaintiff and the general contractor complete the subcontract work, and its contention that plaintiff could apply payment out of money withheld from Bay State as retainage was neither improper nor unreasonable. Said retainage exceeded the amount due plaintiff for completion. Defendant had a right to join Bay State, its principal, in the arbitration, especially after defendant became the assignee of Bay State's claim upon insolvency. Neither the interposition of a claim in arbitration which exceeded the face amount of the surety bond nor the employment of engineer Keith Kallberg to prepare Bay State's claim rose to the level of an extraordinary showing of bad faith by defendant (*see, Marsch v Massachusetts Indem. & Life Ins. Co.,* 101 AD2d 952, 953). As surety, defendant was entitled to assert any defenses or counterclaims in the arbitration that were available to Bay State and it could contest liability inasmuch as it was not bound by any default by Bay State (*Durable Group v De Benedetto,* 85 AD2d 524). In sum, there was "no facial or actual showing of 'such a gross disregard of * * * contractual obligations as to constitute morally culpable conduct for which punitive damages might be claimed' " (*Royal Globe Ins. Co. v Chock Full O'Nuts Corp.,* 86 AD2d 315, 320, *lv dismissed* 58 NY2d 800, quoting *Hubbell v Trans World Life Ins. Co.,* 50 NY2d 899, 901).

Order and judgment affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.