■ AETNA CASUALTY & SURETY COMPANY et al., Respondents, v CITY OF NEW YORK et al., Appellants.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered February 9, 1989, which granted the motion by plaintiff Shore Air Conditioning Co., Inc. (Shore) for reargument and, upon reargument, held that whether the defendant City of New York (City) had properly declared Shore to be in default under the parties' contract and whether Shore had waived its rights under that contract were issues of fact to be determined at a plenary trial, is unanimously affirmed, without costs.

The underlying action and special proceeding arose from an alleged default by Shore in the performance of a contract with the City for rehabilitation work in the main branch of the New York Public Library at Fifth Avenue and 42nd Street in Manhattan.

Specifically, on January 26, 1982, months after Shore had commenced temperature and humidity control work at the library pursuant to the May 28, 1981 contract with the City, the City discovered, and revealed to Shore for the first time, that the insulation surrounding some existing piping and ductwork was composed of hazardous asbestos, which would have to be removed.

After extensive negotiations and correspondence, Shore refused to undertake the work in compliance with a change order issued by the City, because the work to be completed pursuant to the change order exceeded the 5% contractual limit, because the requisite funding had not been approved,

and because the City would not hold Shore harmless from any asbestos-related claims.

After the City threatened a default termination of the contract, Shore commenced its original action (Shore I) against the City and certain City employees, seeking a preliminary injunction against the City's threatened default and a declaratory judgment as to whether the City was authorized to issue the asbestos-removal change order and as to whether Shore was required to proceed with the work.

By order of the Supreme Court, New York County (Kristin Booth Glen, J.), entered August 26, 1982, Shore's motion for a preliminary injunction was denied.

Subsequently, after a hearing, Shore's contract was terminated for default, and the City awarded a completion contract to another contractor. Shore then commenced a second action (Shore II), seeking punitive and compensatory damages against the City and its consultants for· failing to provide access to the jobsite in a timely manner, and for the improper issuance of the notice of default.

By order of the Supreme Court, New York County (Peter McQuillan, J.), entered July 16, 1984, defendant's motions to dismiss the Shore II complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action were granted. On June 11, 1985, the dismissal order was affirmed, without opinion, by this court. *(Shore Air Conditioning Co. v City of New York,* 111 AD2d 1083.)

Subsequently, after the City made claim against Shore's performance bond surety, plaintiff Aetna Casualty & Surety Company (Aetna), for alleged increased costs of the contract completion and other alleged damages, plaintiffs Shore and Aetna jointly commenced a special proceeding under CPLR article 78 (Shore III) seeking to annul the 1982 determination that Shore had breached the contract and challenging the City's assessment of damages.

Shore I and Shore III were thereafter consolidated, and the City then moved to dismiss the Shore I complaint on grounds of, *inter alia,* the doctrine of res judicata.

After reviewing the facts, the IAS Part held that Shore was in default under the contract, and that Aetna was bound by Shore's actions because Shore had waived its claim that the asbestos-removal change order constituted a material change of the contract by negotiating the price of the work with its subcontractor and submitting an estimate of the cost of the work on the change order.

Upon Shore's motion for reargument, however, the IAS Part held, in the order herein appealed, that whether the City properly declared Shore in default and whether Shore had waived its rights under the contract were issues of fact to be determined at a plenary trial.

Contrary to the City's contentions on appeal, neither plaintiffs Shore nor Aetna was precluded by the doctrine of res judicata from relitigating the propriety of the City's default determination. Specifically, since neither the order dismissing the Shore II complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7) nor this court's affirmance thereof stated that the dismissal was "on the merits", it will not have such a preclusive effect. *(See,* CPLR 5013; *Maitland v Trojan Elec. & Mach. Co.,* 65 NY2d 614.)

Accordingly, since the dismissal of the Shore II complaint was not on the merits, and since the unified pleadings in consolidated Shore I and Shore III, arising out of the same facts, set forth detailed factual allegations which were not merely a replication of the prior complaint, the dismissal of the Shore II complaint did not preclude the subsequent actions. *(See, Matter of Farkas v New York State Dept. of Civ. Serv.,* 114 AD2d 563, 564; *Deacon's Bench v Hoffman,* 101 AD2d 971, 972.)

In any event, since plaintiff Aetna was not a party to the default determination and therefore had no opportunity to be heard at any stage of the proceedings, it was not bound by any determinations made therein. *(Firedoor Corp. v Merlin Indus.,* 86 AD2d 577; *County of Rockland v Aetna Cas. & Sur. Co.,* 129 AD2d 606.)

Finally, the City was not entitled to recover punitive damages from Aetna based solely upon Aetna's alleged failure to perform its contractual obligation as a surety. *(United States v Seaboard Sur. Co.,* 817 F2d 956; *Spancrete Northeast v Travelers Indem. Co.,* 112 AD2d 571, *lv denied* 66 NY2d 605.) Concur —Murphy, P. J., Carro, Rosenberger and Kassal, JJ.