■ LYNDA BOLLING et al., Appellants, v DELTA FUNDING CORPORATION et al., Respondents.—Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Kelly, J.), entered August 14, 1990 in Rockland County, which granted defendants' motion to dismiss the complaint, *inter alia,* upon the ground of res judicata.

Defendant Delta Funding Corporation (hereinafter defendant) loaned plaintiff Lynda Bolling (hereinafter plaintiff) $35,000 and, in exchange, plaintiff gave defendant her promissory note and a security interest in her cooperative apartment. Upon plaintiff's alleged default in timely repayment of the loan, defendant accelerated the obligation and scheduled a public auction of plaintiff's stock and proprietary lease in the cooperative apartment. Shortly prior to the July 14, 1989 adjourned sale date, plaintiff commenced an action seeking judgment enjoining the sale as not commercially reasonable and, simultaneously therewith, moved for a preliminary injunction by order to show cause containing an ex parte temporary restraining order. On July 13, 1989, at oral argument of the motion for a preliminary injunction, Supreme Court vacated the temporary restraining order and the sale proceeded as scheduled. On July 28, 1989 Supreme Court

denied the motion for a preliminary injunction as moot and, on September 20, 1989, issued an order dismissing the underlying action on the same ground.

Subsequently, plaintiffs commenced this action seeking damages allegedly suffered as a result of the sale of the shares of stock in other than a commercially reasonable manner. Defendants moved to dismiss the action, *inter alia,* upon the ground of res judicata. Supreme Court found that plaintiffs' present action was based upon the same claim as the prior action for an injunction and dismissed the complaint as barred by res judicata. Plaintiffs appeal.

We reverse. Although the two actions commenced by plaintiff were based upon the same underlying claim, i.e., that the sale of plaintiff's stock and interest in the proprietary lease was not commercially reasonable, the second action was not barred by res judicata because the first action was not determined on the merits *(see, Aetna Cas. & Sur. Co. v City of New York,* 160 AD2d 561, 563; *Plattsburgh Quarries v Palcon Indus.,* 129 AD2d 844, 845-846). Contrary to the position advanced by defendants and accepted by Supreme Court, our review of the record indicates that the first action was dismissed solely because the relief demanded, judgment enjoining the sale of plaintiff's interest in the cooperative apartment, was unavailable following the sale. It is fundamental that injunctive relief will not issue to restrain that which has already occurred *(see, Brown Corp. v Hewitt-Robins,* 23 AD2d 490; 67 NY Jur 2d, Injunctions, § 39, at 405-406). However, the unavailability of the equitable remedy of injunction is not a bar to a subsequent action for money damages arising out of the same claim because "the particular delinquency that prevented the equitable relief would not be a defense to an action at law" *(Carmen v Fox Film Corp.,* 204 App Div 776, 782).

Under the circumstances, we have no occasion to reach the merits of plaintiffs' claim that the sale was not commercially reasonable.

Weiss, P. J., Levine and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.