■ GRAYSTONE MATERIALS, INC., Successor in Interest to PLATTSBURGH QUARRIES, INC., Respondent, v PYRAMID CHAMPLAIN COMPANY, Appellant. [604 NYS2d 295] —Cardona, J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered January 19, 1993 in Clinton County, which denied defendant's motion for summary judgment dismissing the complaint.

Plattsburgh Quarries, Inc. (hereinafter PQI), plaintiff's predecessor in interest, supplied labor and materials to Donald

Markoff, a masonry contractor, in connection with the construction of Champlain Centre North, a shopping mall located in the Town of Plattsburgh, Clinton County, owned by defendant. PQI subsequently filed two mechanic's liens against the real property. The first lien, in the amount of $133,771.20, was satisfied and discharged by stipulation between PQI and defendant. The second lien, in the amount of $92,168.42, was discharged after the posting of a bond set by Supreme Court. PQI commenced an action against the contractor and defendant, among others, seeking enforcement of the lien and a money judgment in the amount of $92,168.42. On appeal, this Court reversed Supreme Court's order (see, Plattsburgh Quarries v Markoff, 164 AD2d 30, lv denied 77 NY2d 809) denying defendant's motion for summary judgment, and dismissed the complaint.

Plaintiff then commenced the instant action to recover damages for unjust enrichment, alleging in its complaint that "defendant's property at Champlain Centre North has been improved by the materials and labor of plaintiff for which plaintiff has not been paid". This appeal ensued following Supreme Court's denial of defendant's motion for summary judgment. We agree with defendant that plaintiff's complaint fails to state a cause of action against it for unjust enrichment. Therefore, Supreme Court's order should be reversed.

"It is well settled that in order to recover under a theory of quasi contract, a plaintiff must be able to prove that performance was rendered for the defendant, resulting in its unjust enrichment" (Metropolitan Elec. Mfg. Co. v Herbert Constr. Co., 183 AD2d 758, 759). Here, PQI only contracted to provide labor and materials to Markoff, not to defendant. That defendant knowingly accepted the benefits of plaintiff's labor and materials, without more, does not render it liable to plaintiff (see, supra; Sybelle Carpet & Linoleum v East End Collaborative, 167 AD2d 535, 536; Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club, 156 AD2d 550, 551; Contelmo's Sand & Gravel v J & J Milano, 96 AD2d 1090, 1091).

Absent evidence that defendant consented to pay, or by its actions assumed the obligation to pay, for plaintiff's performance, plaintiff's sole remedy is against Markoff (see, Metropolitan Elec. Mfg. Co. v Herbert Constr. Co., supra; Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club, supra). Plaintiff's complaint does not allege that defendant obligated itself in any way to plaintiff. Moreover a search of the record reveals no allegations of this nature. Therefore, Supreme Court erred in failing to grant summary judgment dismissing

the complaint based on a failure to state a cause of action *(see, Metropolitan Elec. Mfg. Co. v Herbert Constr. Co., supra; Sybelle Carpet & Linoleum v East End Collaborative, supra; compare, Westinghouse Elec. Supply Co. v Brosseau & Co.,* 156 AD2d 851).

We also find merit in defendant's other contention that the instant action is barred by this State's "transactional analysis approach" to the doctrine of res judicata *(see, O'Brien v City of Syracuse,* 54 NY2d 353, 357; *Smith v Russell Sage Coll.,* 54 NY2d 185, 192; *Matter of Reilly v Reid,* 45 NY2d 24, 28; *see also, Matter of Hodes v Axelrod,* 70 NY2d 364, 373). Under that approach, " 'once a claim is brought to a final conclusion, all other claims * * * are barred, even if based upon different theories or if seeking a different remedy' " *(Mony Credit Corp. v Colt Container Servs.,* 169 AD2d 760, quoting *O'Brien v City of Syracuse, supra,* at 357; *see, Slavin v Fischer,* 160 AD2d 934). Even though plaintiff's unjust enrichment claim was not litigated in the earlier action between PQI and defendant, it arises out of the same transaction upon which the earlier action was predicated: the provision of labor and materials by PQI during construction of the subject shopping mall. Thus, plaintiff's claim was extinguished by the judgment obtained in the earlier action *(see, Matter of Hodes v Axelrod, supra)* which, contrary to plaintiff's contention, our review indicates to have been on the merits *(cf., Matter of Steck v Jorling,* 182 AD2d 937, *appeal dismissed* 80 NY2d 893; *Bolling v Delta Funding Corp.,* 180 AD2d 1003). Therefore, defendant's motion for summary judgment dismissing the complaint on this additional ground should have been granted.

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.