■ MARY SHAWY, Appellant, v WILLIAM J. BIELEFELD, as Executor of JOAN SHAWY, Deceased, Respondent, et al., Defendant. [679 NYS2d 286] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about May 11, 1995, which granted defendants' motions for summary judgment, unanimously affirmed, without costs.

The motions were properly granted since the affidavit of plaintiff's attorney, which asserts that certain signatures on relevant documents were not genuine, has no probative value (Israelson v Rubin, 20 AD2d 668, affd 14 NY2d 887), and the affidavit of the deceased insured's sister, which does not address the genuineness of the insured's signature on the 1984 controlling designation of his wife as the sole primary beneficiary under the subject policy, should be deemed to admit the genuineness of that signature (Kuehne & Nagel v Baiden, 36 NY2d 539, 544). Concur—Milonas, J. P., Rosenberger, Wallach, Tom and Mazzarelli, JJ.

■ IRENE KOCH, Respondent, v EMMERICH KOCH, Appellant. [678 NYS2d 622] —Order, Supreme Court, Bronx County (Jack Turret, J.H.O.), entered on or about June 16, 1997, which, after a nonjury trial, granted plaintiff a divorce on the ground of abandonment, unanimously affirmed, with costs.

The finding of abandonment, which rests largely on considerations relating to witness credibility, is supported by a fair interpretation of the evidence (see, Thoreson v Penthouse Intl., 80 NY2d 490, 495), including plaintiff's testimony that defendant left the marital residence in 1982 without her consent and never returned. Concur—Milonas, J. P., Rosenberger, Wallach, Tom and Mazzarelli, JJ.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. ROBERT HOWARD FUCHS, Admitted in 1980, at a Term of the Appellate Division, Second Department. [679 NYS2d 564] —The order of this Court entered on February 3, 1998 (240 AD2d 106) is recalled and vacated, the Opinion Per Curiam filed therewith amended to vacate so much thereof as pertains to the above-named respondent, and respondent's name directed to be restored to the roll of attorneys and counselors-at-law in the State of New York, effective October 13, 1998. No opinion. Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ.