■ ROBERT H. FINKE & SONS, INC., Respondent, v SEARS OIL COMPANY, INC., Appellant. [681 NYS2d 829] —Peters, J. Appeal from an order of the Supreme Court (Harris, J.), entered July 21, 1997 in Albany County, which, *inter alia*, granted plaintiff's cross motion for summary judgment.

In November 1993, defendant contracted with Burgess Construction Services, Inc. (hereinafter Burgess) to retrofit its oil storage tanks. In connection therewith, plaintiff was hired to provide certain construction equipment. As a result of Burgess' failure to complete the project, defendant commenced an action in Federal District Court to recover damages resulting therefrom. This action stems from plaintiff's failure to receive payment for equipment provided.

Prior to the commencement of this action, plaintiff filed a mechanic's lien against defendant in the amount of $9,879.29, including finance charges. Therein, plaintiff alleged that its contract was with Burgess. Here, however, it is alleged that defendant agreed to pay for the leasing of this equipment, that plaintiff duly performed said services and, as evidenced by copies of invoices sent to defendant which defendant never disputed, it failed and/or refused to pay.

After joinder, defendant moved to dismiss the complaint for failure to state a cause of action. It alleged, *inter alia*, that there was no privity between itself and plaintiff as evidenced by documentation filed by plaintiff in support of the mechanic's lien. Moreover, defendant contended that the instant action was one under a mechanic's lien which could not be maintained pursuant to the Lien Law. Upon plaintiff's cross motion for summary judgment, Supreme Court concluded that an action for breach of an agreement to pay was sufficiently pleaded and that by the proffer of invoices bearing defendant's name and address, plaintiff had demonstrated its entitlement to judgment as a matter of law. Finding a failure to overcome this

proffer to demonstrate the existence of a triable factual issue, plaintiff was awarded summary judgment.

Upon our review and in conformance with the general rule that a property owner will not be held liable to its general contractor's subcontractor in the absence of an agreement to be bound or circumstances that give rise to such an obligation (*see, Graystone Materials v Pyramid Champlain Co.*, 198 AD2d 740, 741; *Westinghouse Elec. Supply Co. v Brosseau & Co.*, 156 AD2d 851, 853), we find the award of summary judgment to be premature.

Plaintiff's proffer encompassed, in the absence of a written agreement, evidence indicating defendant's provision of numerous credit references, as well as the mailing of invoices to defendant bearing its name and address. Plaintiff's president averred that all business pertaining to such rental was by direct communication with defendant to whom the equipment was delivered. Further buttressing its position was defendant's inclusion of the mechanic's lien in its Federal action against Burgess as an obligation incurred by it as a result of Burgess' default.

With the onus now shifted to defendant to demonstrate the existence of a triable issue of fact (*see, Zuckerman v City of New York*, 49 NY2d 557), we find defendant's proffer of plaintiff's documentation in its notice of mechanic's lien indicating that its contract was with Burgess, not defendant, to have satisfied that burden.

For these reasons, we hereby modify Supreme Court's order by reversing so much thereof as granted plaintiff's cross motion for summary judgment.

Cardona, P. J., Spain and Graffeo, JJ., concur.

Carpinello, J. (dissenting). I respectfully dissent. While it is true that an owner is generally not liable to a subcontractor in the absence of an agreement to be so bound, plaintiff's president swears in his affidavit in support of the cross motion for summary judgment that plaintiff provided the equipment and services at issue at the request of defendant, which "agreed to pay" for same. Plaintiff's president also averred that defendant provided him with an address for billing purposes and credit references, further buttressing plaintiff's allegation that defendant agreed to pay its invoices. Indeed, the record contains some 28 separate invoices sent directly to defendant by plaintiff (presumably without objection) over a 14-month period for equipment rented, services rendered or finance charges assessed on "Your Account". Defendant's *sole opposition* to the cross motion was its attorney's affidavit in which the attorney

relied on the fact that plaintiff filed a mechanic's lien (when it was not represented by an attorney) stating that its contract was with "Burgess International, Ltd." As noted by the majority, Burgess Construction Services, Inc. (hereinafter Burgess) was the general contractor on the project.

In my view, a contract with Burgess and a promise by defendant to pay plaintiff are not mutually inconsistent especially since the record indicates that plaintiff began providing its equipment in August 1994, the same month in which defendant declared that time was of the essence and cited Burgess for significant delays on the project which had begun the preceding November. With Burgess already being criticized by defendant, it is not unlikely that any subcontractor dealing with Burgess would also seek assurances from defendant that it would be paid.

Instead of responding directly to the simple allegation that defendant "agreed to pay" plaintiff by proffering an affidavit from an officer or representative denying the truth of this allegation, defendant offered only its attorney's affidavit pointing to the alleged inconsistency created by plaintiff's mechanic's lien. With plaintiff having made a prima facie showing of entitlement to judgment as a matter of law, it was incumbent upon defendant to come forward with concrete proof that no such "agreement" existed. It is axiomatic that the opponent of a motion for summary judgment "must avoid mere conclusory allegations and come forward to lay bare his [or her] proof; the consequence of failing to do so will lead the court to infer that there is no genuine fact issue to be tried. Failing to respond to a fact attested to in the moving papers, for example, will be deemed to admit it" (Siegel, NY Prac § 281, at 410 [2d ed]; *see, Kuehne & Nagel v Baiden*, 36 NY2d 539; *Shawy v Bielefeld*, 254 AD2d 106).

Once the attention of the court has been invoked to determine whether a material question of fact exists, the attorneys for all parties are required to fully place on the record those facts in their possession which are relevant to the issue. The absence of an affidavit by a person with knowledge denying that defendant "agreed to pay" can only mean that no such affidavit could be honestly offered. The court should not be left to decide whether a material question fact exists based upon legal chicanery or other sleight of hand when a simple one-page affidavit would have sufficed. Accordingly, I would affirm the order of Supreme Court.

Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as granted plaintiff's cross motion; cross motion denied; and, as so modified, affirmed.