■ ANDREW R. MANCINI ASSOCIATES, INC., Appellant, v MARY IMOGENE BASSETT HOSPITAL, Respondent, et al., Defendant. [914 NYS2d 449]—

Egan Jr., J. Appeal from an order of the Supreme Court (Dowd, J.), entered January 11, 2010 in Otsego County, which granted defendants' motions for summary judgment dismissing the complaint.

In July 2002, defendant McCarthy Building Companies, Inc.

---

contracted with defendant Mary Imogene Bassett Hospital (hereinafter Bassett) to be the general contractor with respect to an expansion project at Bassett's hospital located in the Village of Cooperstown, Otsego County. That same month, McCarthy, in turn, retained plaintiff to perform certain work on the project for the sum of $1,360,971. Thereafter, in August 2002, prior to the execution of a written subcontract, plaintiff commenced work on the project on a "time and materials" basis, whereupon plaintiff would submit invoices for payment for work done. Between September and October 2002, plaintiff submitted three such invoices, bearing numbers 4393, 4430 and 4431.[1] All three invoices referenced job No. 4102—the job number assigned by plaintiff to the subcontract. Also in September and October 2002, plaintiff submitted to McCarthy two documents entitled "Subcontractor's Application and Certificate for Pay," requesting payment for amounts corresponding to those three invoices. The applications deducted those invoice amounts from the subcontract price of $1,360,971. Thereafter, in November 2002, McCarthy presented plaintiff with a written subcontract, which was executed in January 2003. Also in November 2002, plaintiff, through its president, began periodically executing partial lien and claim waivers and affidavits, culminating in the execution of a final lien and claim waiver and affidavit in June 2004, signed by plaintiff's project manager.

In 2005, plaintiff instituted this action claiming breach of contract, unjust enrichment, quantum meruit and account stated seeking $445,537.77 in damages. The crux of plaintiff's claim is that it performed work for Bassett outside the scope of its subcontract with McCarthy, on a "time and materials" basis, submitted invoices for that work, and has not been paid. Defendants each moved for summary judgment dismissing all claims by plaintiff, among other relief. Supreme Court granted the motions, and plaintiff now appeals.[2]

Subcontractors cannot maintain actions for breach of contract against parties with whom they are not in privity (see *IMS Engrs.-Architects, P.C. v State of New York*, 51 AD3d 1355, 1357

1. Invoice No. 4393 actually comprised two invoices, both dated in September 2002, for the collective sum of $107,529.97. Invoice Nos. 4430 and 4431, both dated in October 2002, were for the sums of $317,230.90 and $20,776.56, respectively.

2. Plaintiff failed to serve McCarthy with the record or its brief in this matter and did not address in its brief Supreme Court's grant of summary judgment to McCarthy. Accordingly, any challenge to Supreme Court's decision granting summary judgment dismissing the complaint as to McCarthy is deemed abandoned (see *Kowalczyk v McCullough*, 55 AD3d 1208, 1210 n 2 [2008]).

[2008], *lv denied* 11 NY3d 706 [2008]; *Robert H. Finke & Sons v Sears Oil Co.*, 256 AD2d 868, 869 [1998]; *Barry, Bette & Led Duke v State of New York*, 240 AD2d 54, 56 [1998], *lv denied* 92 NY2d 804 [1998]; *Bubonia Holding Corp. v Jeckel*, 189 AD2d 957, 958 [1993]). Thus, plaintiff cannot maintain a breach of contract action against Bassett for its work under the subcontract with McCarthy, and its breach of contract action against Bassett can only be sustained, if at all, on allegations of work performed for Bassett that was outside the scope of, and in addition to, the subject matter of its contract with McCarthy (*see IMS Engrs.-Architects, P.C. v State of New York*, 51 AD3d at 1357; *Robert H. Finke & Sons v Sears Oil Co.*, 256 AD2d at 869; *Graystone Materials v Pyramid Champlain Co.*, 198 AD2d 740, 741 [1993]).

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact, and the evidence produced by the movant must be viewed in the light most favorable to the nonmovant, affording the nonmovant every favorable inference" (*Rought v Price Chopper Operating Co., Inc.*, 73 AD3d 1414, 1414 [2010] [internal quotation marks, brackets and citations omitted]; *see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Here, Bassett established its prima facie entitlement to summary judgment dismissing plaintiff's claim based on evidence, through the testimony of McCarthy's vice-president of operations, that the three invoices identified by plaintiff as representing the extra work performed had all been paid. Bassett also pointed to waivers signifying receipt of payment that were signed by plaintiff's president (*see MCK Bldg. Assoc. v St. Lawrence Univ.*, 301 AD2d 726, 728 [2003], *lv dismissed* 99 NY2d 651 [2003]).

In opposition, plaintiff failed to present sufficient evidence to create a question of fact (*see Zuckerman v City of New York*, 49 NY2d at 562). While plaintiff's chief executive officer asserted that plaintiff was not paid for "time and materials" work alleged to be performed for Bassett outside the scope of the subcontract with McCarthy, he conceded in his deposition that all such "time and materials" work was billed in invoice Nos. 4393, 4430 and 4431, and that there were no other invoices incorporating any other "time and materials" work. The chief executive officer, plaintiff's president and plaintiff's secretary/treasurer all acknowledged that these three invoices were paid. As plaintiff failed to contradict Bassett's evidence that plaintiff

was paid for the specific work placed at issue in this case and also failed to submit proof that it performed any other work for Bassett outside the scope of—and in addition to—the subject matter of its subcontract with McCarthy, Supreme Court properly granted summary judgment in Bassett's favor dismissing plaintiff's claim for breach of contract.

Likewise, given that plaintiff failed to specifically articulate any work performed outside the scope of the subcontract for which it has not been paid, its claims for unjust enrichment and quantum meruit also fail (*see IMS Engrs.-Architects, P.C. v State of New York*, 51 AD3d at 1358; *Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC*, 31 AD3d 983, 988-989 [2006]; *Conklin v City of Saratoga Springs*, 267 AD2d 841, 842 [1999]; *Graystone Materials v Pyramid Champlain Co.*, 198 AD2d at 741). Finally, based on the absence of "an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due" (*Jim-Mar Corp. v Aquatic Constr.*, 195 AD2d 868, 869 [1993], *lv denied* 82 NY2d 660 [1993]), and because plaintiff's claim was promptly disputed, summary judgment dismissing plaintiff's claim for account stated was proper (*see Joe O'Brien Investigations v Zorn*, 263 AD2d 812, 815 [1999]; *Jim-Mar Corp. v Aquatic Constr.*, 195 AD2d at 870).

Cardona, P.J., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.

