■ U.W. Marx, Inc., Respondent, v Koko Contracting, Inc., Appellant. (Action No. 1.) Koko Contracting, Inc., Appellant, v U.W. Marx, Inc., et al., Respondents, et al., Defendant. (Action No. 2.) [948 NYS2d 440]—

Malone Jr., J.

U.W. Marx, Inc. was selected as the general contractor for the

construction of a school by the City School District of Peekskill. Marx entered into a subcontractor agreement with Koko Contracting, Inc. to complete the roofing work associated with the project. During the course of the project, a dispute arose between Marx and Koko regarding payment to Koko. In November 2007, Marx and Koko both sent notices of default to the other and, by December 2007, their relationship was terminated. In December 2007, Marx commenced action No. 1 against Koko, alleging breach of contract. Koko subsequently commenced action No. 2 against Marx, Continental Casualty Company and the school district seeking enforcement of its lien and asserting causes of action for account stated, quantum meruit and diversion of trust assets. Koko also made a claim against Continental as surety on the project bond. The actions were thereafter joined for trial and, upon cross motions by Marx, Continental and Koko, Supreme Court granted Marx's motion for partial summary judgment on its claim against Koko for breach of contract in action No. 1 and granted summary judgment to Marx and Continental dismissing Koko's complaint in action No. 2 in its entirety.* Koko appeals.

On a motion for summary judgment, the moving party bears the burden of establishing that no material issues of triable fact exist and that it is entitled to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Andrew R. Mancini Assoc., Inc. v Mary Imogene Bassett Hosp.*, 80 AD3d 933, 935 [2011]). If the moving party meets its initial burden, the nonmoving party must produce evidence sufficient to demonstrate a material issue of fact to avoid summary judgment (*see id.*). On a motion for summary judgment, the court must view the evidence before it in the light most favorable to the nonmoving party (*see Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]; *Andrew R. Mancini Assoc., Inc. v Mary Imogene Bassett Hosp.*, 80 AD3d at 935).

The record, which includes the parties' affidavits, deposition transcripts, correspondence between Marx and Koko during the relevant time period, the subcontract and the supplemental contract between Marx and Koko, reveals material issues regarding the timing of critical facts such as Koko's entitlement to payment, notice of default and cessation of work on the project. Initially, Marx maintains that Koko was not entitled to payment for work performed in July 2007, August 2007 and September 2007 because it had not submitted all necessary documentation required under the terms of the subcontract and

* Koko had stipulated to dismissal of its claim for quantum meruit.

supplemental contract and, because Koko was not entitled to payment, it did not have the right to stop work on the project. To the extent that Marx's argument is based upon Koko's failure to submit lien waivers, it is without merit. Such waivers cannot be required as a precondition for payment and may only be required either at the time payment is made or thereafter (*see* Lien Law § 34). With regard to Koko's submission of certified payrolls, the record establishes, and Marx concedes, that certified payrolls were submitted for the July 2007 period in September 2007. If or when Koko became entitled to payment on the August 2007 and September 2007 requisitions is not clear but, nonetheless, Koko's entitlement to payment on the July 2007 requisition could provide the basis for it to stop work pursuant to the terms of the contract and supplemental contract.

Marx also contends that Koko ceased work without proper notice pursuant to the terms of the subcontract and supplemental contract. While the record contains some proof that Koko's last day of work on the project may have been October 11, 2007, there is also proof that Koko's supervisor was injured at the site sometime between October 11 and October 17, 2007, it was awaiting a replacement and it had not abandoned the project at that time. Moreover, there is proof that Koko had employees on site as late as October 31, 2007, provided notice of intent to cease work due to nonpayment on November 6, 2007 and actually withdrew from the project for that reason on November 14, 2007. Based upon the conflicting proof regarding when Koko ceased work on the project due to Marx's nonpayment, summary judgment on Marx's claim against Koko for breach of contract is not appropriate. Finally, given the existence of the factual issues regarding Koko's entitlement to payment, dismissal of Koko's claims for enforcement of its lien, account stated, diversion of trust assets and as against Continental as surety on the bond was also erroneous.

Peters, P.J., Spain, Kavanagh and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) granted the motion by U.W. Marx, Inc. for partial summary judgment in action No. 1 and (2) granted the motion of U.W. Marx, Inc. and Continental Casualty Company for summary judgment dismissing the causes of action in action No. 2 for enforcement of a lien, account stated, diversion of trust assets and surety on the bond; said motion in action No. 1 denied and said motion in action No. 2 denied to said extent; and, as so modified, affirmed.