*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: January 7, 2016                    521121
_____

JAMES C. DAVIS,

                    Respondent,

        v

CEC, INC., et al.,                           MEMORANDUM AND ORDER
                    Defendants,

        and

DENNIS M. NOONAN,

                    Appellant.
_____


Calendar Date: November 24, 2015

Before: Garry, J.P., Rose, Lynch, Devine and Clark, JJ.

                    _____


        Muller, Mannix & Reichenbach, PLLC, Glens Falls (Brian S.
Reichenbach of counsel), for appellant.

        Stanclift, Ludemann, Silvestri & McMorris, PC, Glens Falls
(John M. Silvestri of counsel), for respondent.

                    _____


Rose, J.

        Appeal from a judgment of the Supreme Court (Muller, J.),
entered July 25, 2014 in Warren County, upon a decision of the
court in favor of plaintiff.

        Defendant Dennis M. Noonan (hereinafter defendant)
contracted with defendant Joseph R. Hubert to construct a turnkey
log home on defendant's property. Subsequently, Hubert and
plaintiff entered into what plaintiff agreed was an oral
subcontract for "time and material," under which plaintiff was to
perform certain items of work related to the improvement of

defendant's property and the construction of the home. Approximately one year after he commenced work on the property, plaintiff notified defendant that Hubert had not paid him in several weeks, though plaintiff never submitted an invoice to or demanded payment from defendant. Ultimately, Hubert abandoned the job site, still owing plaintiff significant sums of money for work performed, which plaintiff never received. Shortly thereafter, plaintiff stopped work pursuant to his agreement with Hubert, filed a mechanic's lien and, eventually, commenced this action against defendant, Hubert and CEC, Inc., Hubert's contracting company, for breach of contract, unjust enrichment and quantum meruit. Defendant joined issue and, after a nonjury trial, Supreme Court found in favor of plaintiff, holding that he had proven his unjust enrichment and quantum meruit claims against defendant and, accordingly, was entitled to an equitable recovery.[1] Defendant now appeals, and we reverse.

Initially, we note that "we are 'vested with broad authority to independently review the probative weight of the evidence, together with the reasonable inferences that may be drawn therefrom, and grant the judgment warranted by the record in this nonjury case'" (Medina v State of New York, 133 AD3d 943, 944 [2015], quoting Shon v State of New York, 75 AD3d 1035, 1036 [2010]; see Weinberger v New York State Olympic Regional Dev. Auth., 133 AD3d 1006, 1007 [2015]). In its decision, Supreme Court found defendant liable to plaintiff for two categories of damages, namely, amounts owed for labor and materials contemplated by the written, prime contract between defendant and Hubert, and amounts owed for work that the court deemed to be outside the scope of the prime contract.

At the outset, we find Supreme Court's conclusion regarding defendant's liability for the work expressly contemplated by the prime contract to be incorrect as a matter of law, "given that '[t]he existence of a valid and enforceable written contract

---

[1] Although plaintiff joined Hubert as a party to this action, Hubert never appeared and, in any event, plaintiff concedes that he made no attempt to proceed against Hubert directly.

governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter'" (IMS Engrs.-Architects, P.C. v State of New York, 51 AD3d 1355, 1358 [2008], lv denied 11 NY3d 706 [2008], quoting Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]).  As to the additional finding that defendant was unjustly enriched by plaintiff's performance of certain items of work outside the scope of the prime contract, we agree with defendant that the evidence presented at trial belies the court's conclusion.

Whether or not the work at issue arose out of the subject matter of the prime contract, the evidence makes clear that the work was done within the scope of plaintiff's oral subcontracts with Hubert.  Plaintiff admitted as much during his testimony when he described the work that he completed under Hubert's direction – which included the items that the court identified as being outside the scope of the prime contract – and when he further acknowledged that his entire claim for damages is based upon "the work [he] did as a subcontractor for . . . Hubert." Thus, "given that plaintiff failed to specifically articulate any work performed outside the scope of the subcontract for which [he] has not been paid" (Andrew R. Mancini Assoc., Inc. v Mary Imogene Bassett Hosp., 80 AD3d 933, 936 [2011]), and in light of Supreme Court's express, unchallenged finding that defendant did not, by his words or actions, assume Hubert's obligation to pay plaintiff pursuant to the oral subcontract (see Robert H. Finke & Sons v Sears Oil Co., 256 AD2d 868, 869 [1998]; M. Gold & Son v A.J. Eckert, Inc., 246 AD2d 746, 748 [1998]; Graystone Materials v Pyramid Champlain Co., 198 AD2d 740, 741-742 [1993]), we find that the court's judgment in favor of plaintiff on his claims against defendant for unjust enrichment and quantum meruit must be reversed.

Finally, although Supreme Court did not specifically address plaintiff's conventional breach of contract claim, plaintiff argues, as an alternate ground for affirmance, that defendant is liable for Hubert's breach of his oral subcontract with plaintiff because Hubert entered into the agreement as defendant's authorized agent, rather than on his own behalf. However, nothing in the prime contract can be read, expressly or

impliedly, to create an agency relationship between defendant and Hubert (see Pyramid Champlain Co. v R.P. Brosseau & Co., 267 AD2d 539, 544 [1999], lvs denied 94 NY2d 760 [2000]).  Nor can it be said that Hubert had apparent agency authority, inasmuch as "[t]he record is devoid of any evidence that at the time [plaintiff] entered into [the] contract[] with [Hubert], [plaintiff] was aware of any conduct on the part of [defendant] giving rise to a reasonable belief that an agency relationship had been created which authorized [Hubert] to enter into the contracts on [defendant's] behalf or to bind [defendant] to the terms thereof" (id.; see Hallock v State of New York, 64 NY2d 224, 231 [1984]; L.S. & Sons Farms, LLC v Agway, Inc., 41 AD3d 1152, 1153 [2007]).  Indeed, plaintiff testified that he did not meet defendant until months after he had been hired by Hubert, that he never discussed the terms of his agreement with Hubert with defendant directly, and that no one represented to him that Hubert was acting as defendant's agent when Hubert offered him the job.  Accordingly, we find that plaintiff also has no breach of contract claim against defendant, as "[s]ubcontractors cannot maintain actions for breach of contract against parties with whom they are not in privity" (Andrew R. Mancini Assoc., Inc. v Mary Imogene Bassett Hosp., 80 AD3d at 934).

Garry, J.P., Lynch, Devine and Clark, JJ., concur.


ORDERED that the judgment is reversed, on the law, with costs, and complaint dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court