■ In the Matter of DAVID M. AXELROD, as Commissioner of Health of the State of New York, Appellant; ULSTER COUNTY MEDICAL SOCIETY, Respondent. — Appeal by the State Commissioner of Health, David M. Axelrod, from an order of the Supreme Court, Westchester County (Leggett, J.), dated September 2, 1982, which granted the Ulster County Medical Society's motion to quash a subpoena duces tecum served upon it by the commissioner, and denied the commissioner's cross motion to compel compliance with the subpoena.

Order reversed, on the law, with costs, motion denied and cross motion granted. The Ulster County Medical Society shall comply with the subpoena duces tecum within 30 days after service upon it of a copy of the order to be made hereon, with notice of entry. The State Commissioner of Health, by Elizabeth Lang, Deputy Counsel of the State Board for Professional Medical Conduct, served a subpoena duces tecum upon the Ulster County Medical Society (hereinafter UCMS) ordering it to produce "[a]ny and all complaints lodged with the Ulster County Medical Society against" a named physician referred to as Dr. K and "[a]ny and all records * * * pertaining to complaints lodged with the Ulster County Medical Society against" that physician. The UCMS refused to comply with the subpoena, claiming that the commissioner lacked authority to issue it. The UCMS moved to quash the subpoena and the commissioner cross-moved to compel compliance. Special Term granted the motion to quash the subpoena and denied the cross motion, reasoning that the commissioner was bound by and failed to comply with section 230 (subd 10, par [k]) of the Public Health Law, which gives the Executive Secretary of the State Board for Professional Medical Conduct the authority to issue subpoenas on the condition that he first receives the specific approval of a committee on professional conduct of the board. In addition, Special Term found the subpoena overbroad (citing *Matter of Levin v Murawski*, 59 NY2d 35, affg *sub nom. Matter of McGrath v State Bd.*, 88 AD2d 906). We reverse. Section 206 (subd 4, par [a]) of the Public Health Law provides in relevant part: "The commissioner may * * * issue subpoenas * * * in any matter of proceeding before him". This provision was enacted by the Legislature as part of the 1953 revision of the Public Health Law (L 1953, ch 879). The UCMS contends that the commissioner's authority to issue subpoenas in connection with investigations of the alleged misconduct of physicians was withdrawn when the Legislature subsequently enacted section 230 (subd 10, par [k]) of the Public Health Law in 1977 (L 1977, ch 773, § 2), which gave such authority to the Executive Secretary of the State Board for Professional Medical Conduct upon the condition heretofore described. We disagree. The legislative intent in enacting that statute is shown by a memorandum submitted to the Legislature by the Division of the Budget in support of the bill, wherein it was stated: "The authorization to issue a subpoena would remove any ambiguity concerning this power. *The Commissioner has such power* but the Department of Health would prefer that the Board [for Professional Medical Conduct] also be empowered to issue subpoenas during the early stages of its investigations" (emphasis added). We fail to find any indication, either in the statute itself, or in its legislative history, to support the proposition that the Legislature intended to bind the commissioner to the condition imposed upon the executive secretary's exercise of his subpoena power. We also reject Special Term's conclusion that the subpoena is overbroad. The record discloses that the State Board for Professional Medical Conduct had received complaints of professional misconduct against Dr. K. A senior investigator asked the UCMS whether it had received any complaints against that physician. The president of the UCMS responded that the UCMS had indeed received one complaint. Upon further inquiry, it was ascertained that the complaint had been lodged by the family of a deceased patient of that physician who had questioned the doctor's performance of an endoscopic procedure on that patient. The UCMS resolved the complaint by requiring the physician to attend classes on endoscopic procedure. As was stated in *Matter of Levin v Murawski* (59 NY2d 35, 42, *supra*): "Where the issuance of the subpoena is based, as in these cases, on the receipt of a complaint or complaints, there must be a minimal showing that, in consequence of verification or otherwise, the complaint reasonably justifies the issuance of the subpoena in furtherance of an investigation. What showing will suffice to cross this

threshold will necessarily vary from case to case. It may relate to the reliability of the complainant; it may be shown by the substance of the complaint. Specific detail as to identification of the complainant, some evidence of his good faith or reliability, disclosure of the basis for his knowledge of the substance of the complaint, with dates to establish its currency, and some revelation of the substance of the complaint will normally suffice, but all or most of this data may not be necessary. Sufficient authenticating detail may be found in the complaint itself; if not, it must be independently supplied." In view of the foregoing, we conclude that a threshold showing has been made of the authenticity of the complaints received by the State Board for Professional Medical Conduct. By the UCMS' own admission, it had received at least one complaint about the subject physician. The UCMS apparently regarded that complaint as serious enough to warrant requiring the doctor to attend remedial classes. Accordingly, there has been a prima facie showing of a justifiable basis for an investigation of the physician, and in view of the fact that the questioned misconduct allegedly resulted in one patient's death, we cannot agree with Special Term's conclusion that the subpoena was overbroad because it was not limited to the one complaint the UCMS admitted receiving. Under all the circumstances here present, we find a reasonable justification for the disclosure of any and all of the complaints received by the UCMS with regard to the physician along with any records pertaining thereto. We therefore grant the cross motion to compel compliance with the subpoena. Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.