In the Matter of GREGORY B. SHANKMAN, Appellant, v DAVID AXELROD, as Commissioner of the New York State Department of Health, Respondent.

Third Department, June 2, 1988

## APPEARANCES OF COUNSEL

*Levitt & Gordon (Dean Gordon* of counsel), for appellant.

*Robert Abrams, Attorney-General (Clifford A. Royael* of counsel), for respondent.

*Martin Schaum* for New York State Society of Orthopaedic Surgeons, Inc., *amicus curiae.*

## OPINION OF THE COURT

YESAWICH, JR., J.

A complaint of alleged professional misconduct lodged against petitioner, an orthopedic surgeon, prompted the State Board for Professional Medical Conduct (hereinafter the Board), an investigative branch of the Department of Health (hereinafter DOH), to commence an investigation. Petitioner voluntarily turned over to the Board a copy of his office records with respect to the complaining patient, but when the Board subsequently requested medical records for six additional patients, petitioner's attorney advised the Board's representative that he had instructed petitioner not to surrender those records because of pending litigation involving those patients and, further, that he would move to quash any subpoena served upon petitioner. Thereafter, on October 15, 1985, DOH issued a subpoena authorization pursuant to Public Health Law § 230, but then took no further measures toward actually issuing a subpoena. Approximately a year later, DOH received a confidential report from an orthopedic consultant containing his review of hospital records of patients treated by petitioner. The report, highly critical of petitioner, suggested petitioner was guilty of negligence, incompetence or both, and expressed a belief that petitioner's record keeping was fraudulent. Anticipating a lack of cooperation, and to minimize the possibility of alteration of the records being sought, DOH decided that, rather than issue a subpoena, it would apply to Supreme Court, ex parte, for an

inspection warrant. Supreme Court, finding probable cause, issued an inspection warrant authorizing respondent and his officers and inspectors, among others, to enter petitioner's medical office during reasonable hours and, *inter alia,* locate and identify employees present; locate, question and examine patients present; locate, remove and copy patient records, personnel files and billing records. The warrant was executed on October 21, 1986 at approximately 10:00 P.M. Those present in the office, petitioner, his attorney and office staff, were shown copies of Public Health Law § 12-c, which exposes persons willfully obstructing a health officer enforcing the health laws to misdemeanor prosecution. The records of eight patients were collected.

By order to show cause, petitioner moved for an order vacating the inspection warrant and suppressing use of the material seized. Supreme Court, in denying the application, concluded that respondent had implied power under the Public Health Law to seek an inspection warrant. It is petitioner's contention that respondent had no authority for the issuance of the inspection warrant herein. Respondent maintains that Supreme Court had no jurisdiction to hear petitioner's motion because the moving papers lacked a complaint or a petition, and, as to the merits, that DOH does indeed have the requisite authority.

■ As respondent points out, the appropriate vehicle for attacking the inspection warrant is a special proceeding in the nature of a writ of prohibition, and the reviewing court does not acquire jurisdiction of such a proceeding by a bare motion *(see, Urso v Panish,* 94 AD2d 701). The absence here of a petition verified by petitioner himself would be fatal to this proceeding, and we would be obliged not to entertain it, were it not for the fact that petitioner, in a later affidavit, ratifies, affirms and adopts as his own the averments contained in his attorney's affidavit attached to the order to show cause, that respondent has not complained of any prejudice because of irregularities in the moving papers, that a technically correct petition will undoubtedly be served if respondent's challenge to the regularity of the moving papers is not disregarded, and because the issue presented is a significant one for the medical community.

■ Public Health Law § 230 (10) (k) provides a procedure by which DOH may issue subpoenas to gain access to, *inter alia,* records for the purpose of a professional misconduct investigation. Respondent relies upon Public Health Law § 206 (2),

which authorizes him to examine and survey "all grounds, erections, vehicles, structures, apartments, buildings and places", as justification for the use of an inspection warrant in this case. But that legislation plainly and unmistakably refers to the inspection of physical facilities, not to the examination of records or files. It must be assumed then that the Legislature intended that a subpoena, as contemplated by Public Health Law § 230 (10) (k), be the exclusive vehicle for obtaining a recalcitrant physician's patient records *(see, Matter of B. T. Prods. v Barr,* 44 NY2d 226, 236), presumably to afford the physician an opportunity to resist, via a motion to quash *(see, Matter of Axelrod,* 99 AD2d 531, 532), the invasion of the physician/patient confidence. Although the risk that a physician might destroy or alter medical records when faced with a misconduct investigation may be the grist from which a valid public interest sufficient to justify the intrusion of an inspection warrant may be drawn *(see, Camara v Municipal Ct.,* 387 US 523, 539), it is for the Legislature, not the courts, to fashion such an investigative tool, if one is required.

MAHONEY, P. J., CASEY, MIKOLL and HARVEY, JJ., concur.

Order reversed, on the law, without costs, petitioner's motion to vacate and set aside the inspection warrant and to enjoin respondent from using any information derived therefrom is granted, and respondent is also directed to return to petitioner forthwith the records seized, together with all copies thereof.