OPINION OF THE COURT
Stanley L. Sklar, J.
Petitioner Seymour Alter, M.D. moves, by order to show cause and pursuant to CPLR 2304, to quash a subpoena duces tecum issued by respondent New York State Department of Health, State Board for Professional Medical Conduct (the Board). The subpoena directs petitioner to provide the Board with his complete office records pertaining to two of petitioner’s patients. Dr. Alter’s patients will be referred to by their initials henceforth to maintain confidentiality.
The Board was created under Public Health Law § 230 (1) to deal with matters of professional misconduct as defined in section 6509 of the Education Law. Under section 230 (10) (a) the Board is empowered to investigate any suspected professional medical misconduct, and is specifically instructed to investigate each complaint "received regardless of the source.” Section 230 (10) (k) authorizes the Board, following the specific approval of a committee on professional conduct, to issue subpoenas in furtherance of its investigation. The Board is obligated by statute to maintain the confidentiality of reports of misconduct it receives. (Public Health Law § 230 [11] [a].)
In the present matter it is undisputed that the Board has instituted an investigation into Dr. Alter’s professional conduct, specifically with regard to information it has received which suggests that petitioner was practicing medicine either "with gross incompetence * * * or [with] negligence * * * on more than one occasion” as set forth in Education Law § 6509 (2).
On January 6, 1987 the Board requested that Dr. Alter provide to it his complete office records pertaining to his care and treatment of a patient identified as DH. Dr. Alter is aware that DH’s son has made formal complaints concerning Dr. Alter to the Suffolk County and New York State Medical Societies. Dr. Alter complied with this request of the Board.
On March 2, 1989 the Board again wrote to petitioner requesting his medical records concerning two other patients, NS and LH. Dr. Alter refused to provide these records on the ground that the care of these two patients was in no way related to or connected with that of DH. Also at this time the Board requested, and received, the complete medical records *395 of NS and LH as well as those of seven other patients of Dr. Alter, from St. John’s Hospital in Smithtown, New York.
Petitioner argues that the Board is acting outside its statutory authority in issuing subpoenas for the records of NS and LH when, as far as petitioner is aware, the Board has only received a single formal complaint, that concerning his treatment of DH. Petitioner has several times demanded that the Board provide its reasons for requesting records of patients other than DH and contends that the Board is only authorized by statute to pursue an investigation of petitioner’s treatment of DH as a result of the single complaint it has presumably received.
Public Health Law § 230 (10) (a) grants the Board wide latitude in pursuing suspected professional misconduct, not limited to any single source of complaint or information. Section 230 (11) (a) specifies that the reports obtained must remain confidential. Still, the Board is required, where its authority to issue a subpoena is questioned, to make a minimum threshold showing of the authenticity of the complaint in order to justify the investigation and the issuance of a subpoena. (Matter of Levin v Murawski, 59 NY2d 35.) The Board is permitted to provide the court with the evidence justifying its investigation in camera to comply with the confidentiality requirement of section 230 (11) (a) of the Public Health Law. (Matter of Levin v Guest, 112 AD2d 830, affd 67 NY2d 629.)
The record submitted to this court in camera provides sufficient documentation to establish the minimum threshold requirement and sufficiently establishes that the Board acted with proper authority having first presented the substance of its investigation for approval to a committee on professional conduct as required by the Public Health Law. There is no statutory requirement that an investigation be limited to the facts set forth in a complaint. Facts supporting the validity of the complaint may be independently supplied. (Matter of Levin v Murawski, supra, at 42.) Nor is the Board limited to an investigation of the specifics of a single complaint of professional misconduct once professional misconduct has been reported. (See, Matter of Axelrod, 99 AD2d 531, 533 [Board was authorized to seek information regarding any and all complaints received by a medical society concerning a physician once an investigation was commenced following the Board’s receipt of complaints of misconduct].) Section 230 (10) (a) specifically states that the director of the Board is autho *396 rized to conduct a "comprehensive review” of patient records once he has determined, following consultation with a committee on professional conduct, that evidence exists of even a "single incident of negligence or incompetence”. Although the Board has here stated that it does not intend to conduct such a "comprehensive review” it is clear that such a review is within its rights. Thus, it is irrelevant whether a single complaint or report, or several such complaints, sparked the investigation as long as the Board can make a sufficient threshold showing that the initial complaint had sufficient merit to warrant further investigation into the physician’s professional conduct. This standard has been satisfied.
Accordingly, the motion to quash the subpoena is denied.