■ NETWORK MANAGEMENT SERVICES GROUP, INC., Appellant, v ROSENKRANTZ LYON & ROSS, INC., et al., Respondents, et al., Defendant. [622 NYS2d 511] —Order, Supreme Court, New York County (Myriam J. Altman, J.), entered on or about November 4, 1993, which granted the motion by defendant Rosenkrantz Lyon & Ross and cross-motions by defendants Emanuel & Co., Paulson Investment Company, Inc., and Grady & Hatch & Co. (collectively "the moving defendants") for summary judgment pursuant to CPLR 3212 dismissing the plaintiff's complaint as against the moving defendants, and which severed and continued the underlying action as against defendant Manchester Rhone Securities Corp. ("Manchester"), unanimously affirmed, with costs.

The IAS Court properly determined that the Underwriting Agreement, dated February 12, 1991, executed solely by the plaintiff and defendant Manchester, and the Agreement Among Underwriters, which, by its terms, became effective only when executed by all five purported underwriters, was not binding upon the moving defendants, who were non-signatories to the Agreements. Their purported agent, defendant Manchester, lacked both actual or apparent authority to bind the defendants. Plaintiff, in opposition to summary judgment,

failed to meet its burden by establishing a genuine triable issue of fact by admissible evidence either that the moving defendants had granted Manchester actual authority to execute the Underwriting Agreement on their behalf *(Zuckerman v City of New York,* 49 NY2d 557, 560, 562), or that the moving defendants, by their words or conduct, had acted in such a manner as to cloak Manchester with the apparent authority to bind any of the moving defendants to the Underwriting Agreement *(Hallock v State of New York,* 64 NY2d 224, 231).

Plaintiff's claim that Manchester was cloaked with apparent authority fails because all of the documents relied upon by the plaintiff as the basis for its reasonable belief, including the Underwriting Agreement, the Prospectus, and the unsigned Agreement Among Underwriters, were created by Manchester, which cannot, by its own acts, imbue itself with apparent authority to act as an agent on behalf of the moving defendants *(Hallock v State of New York,* 64 NY2d, at 231, *supra; Legal Aid Socy. v Economic Opportunity Commn.,* 132 AD2d 113, 115). The plaintiff, which failed to make the necessary efforts to discover the actual scope of Manchester's authority, therefore acted at its own peril in assuming that Manchester had authority to act *(Ford v Unity Hosp.,* 32 NY2d 464, 472).

Plaintiff's speculation that some evidence of Manchester's alleged authority may come to light during discovery is insufficient to bar summary judgment *(see, American Prescription Plan v American Postal Workers Union,* 170 AD2d 471, 473, citing *Chemical Bank v PIC Motors Corp.,* 58 NY2d 1023). Concur—Murphy, P. J., Rosenberger, Ross, Asch and Nardelli, JJ.