■ GE CAPITAL MORTGAGE SERVICE, INC., Respondent, v MICHAEL J. TAYLOR, Appellant, et al., Defendants. (And Another Action.) [644 NYS2d 295]

The appellant made a loan to Diane Jones (hereinafter the owner) to enable her to make certain home improvements and to qualify for a larger loan upon refinancing. The loan was secured by a second mortgage held by the appellant and was recorded on December 20, 1989. On July 16, 1990, the owner refinanced her house and obtained a mortgage loan from the plaintiff, GE Capital Mortgage Service, Inc. (hereinafter GE Capital). Thereafter, the owner defaulted on her loan from GE Capital and this action was commenced by GE Capital to foreclose the mortgage.

GE Capital asserts that, at the closing on July 16, 1990, a representative of the title company stated that the appellant's mortgage had been satisfied and consequently omitted the appellant's mortgage as an exception to title. GE Capital further asserts that this representative had the apparent authority to bind the appellant. The appellant contends that he did, in fact, have dealings with the representative, but that he never authorized this individual to subordinate his mortgage lien to the mortgage lien of GE Capital.

GE Capital failed to produce competent evidence of words or conduct of the appellant that would have given rise to the ap-

pearance and belief that the title company representative possessed authority to enter into a transaction *(see, Hallock v State of New York,* 64 NY2d 224, 231; *Melstein v Schmid Labs.,* 116 AD2d 632, 634; *see also, Ford v Unity Hosp.,* 32 NY2d 464; *Wen Kroy Realty Co. v Public Natl. Bank & Trust Co.,* 260 NY 84, 92-93). Accordingly, the branch of the motion of GE Capital Mortgage Service, Inc., which was for summary judgment against the appellant should have been denied. Bracken, J. P., O'Brien, Joy and Goldstein, JJ., concur.