(July 21, 1997)

■ ZIVA BEN-REUVEN, Appellant, v KIDDER, PEABODY & Co., INC., Respondent, et al., Defendant. [661 NYS2d 28] —In an action, *inter alia,* to recover damages for fraud in connection with stock options and commodities accounts with the defendant Kidder, Peabody & Co., Inc., the plaintiff appeals from an order of the Supreme Court, Kings County (Levine, J.), entered June 23, 1996, which granted the motion of the defendant Kidder, Peabody & Co., Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

From December 1983 until June 1984, the plaintiff gave the defendant Asher Yadlin $59,468.74 to invest in stock options and commodities. Yadlin deposited the plaintiff's money in options and commodities accounts that he had with Kidder, Peabody & Co., Inc. (hereinafter Kidder, Peabody). The parties agreed that they would share equally any profits and losses generated by the accounts. The accounts were closed at the end of 1985, after sustaining losses of $142,039.

In March 1987, the plaintiff commenced this action seeking, *inter alia,* the return of her investment on the ground that Yadlin had misrepresented to her that he was a registered broker with Kidder, Peabody. After discovery was completed, Kidder, Peabody moved for summary judgment. Kidder, Peabody contended that the plaintiff had not sustained any damages because she had recovered $29,200 of her investment and the remaining $30,268.74 had been lost investing in the stock market. Alternatively, Kidder, Peabody argued that it was entitled to summary judgment because it was not liable for Yadlin's alleged fraud. The Supreme Court granted the motion, finding that the plaintiff had not sustained any damages.

We disagree with the Supreme Court that the plaintiff did not sustain any damages. If the plaintiff establishes that Yadlin fraudulently induced her into investing with him, she would

be entitled to recover her out-of-pocket expenses, or $30,268.74 *(see, Lama Holding Co. v Smith Barney,* 88 NY2d 413, 421-422; *AFA Protective Sys. v American Tel. & Tel. Co.,* 57 NY2d 912; *Reno v Bull,* 226 NY 546).

However, we agree with Kidder, Peabody that as a matter of law it is not liable for Yadlin's alleged fraud. The record establishes that Yadlin was not a Kidder, Peabody employee. Thus, Kidder, Peabody is not liable for Yadlin's action under the doctrine of actual authority *(see generally, Greene v Hellman,* 51 NY2d 197; 2 NY Jur 2d, Agency and Independent Contractors, §§ 71-72, at 520). Moreover, the plaintiff cannot rely upon the doctrine of apparent authority. "Essential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction" *(Standard Funding Corp. v Lewitt,* 89 NY2d 546, 551, quoting *Hallock v State of New York,* 64 NY2d 224, 231). Here, Kidder, Peabody made no representations to the plaintiff that Yadlin was its employee.

Kidder, Peabody also established that it is entitled to judgment as a matter of law on the remaining causes of action *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). O'Brien, J. P., Joy, Goldstein and Luciano, JJ., concur.