■ RAYMOND WOOD et al., Respondents, v WILLIAM CARTER COMPANY, Doing Business as CARTER'S CHILDRENSWEAR, Appellant. [708 NYS2d 107] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered January 14, 2000, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Initially, we find that defendant cannot be held liable under the doctrine of actual authority as there is no dispute that Seth Winters was not an employee of defendant (*see, Greene v Hellman*, 51 NY2d 197; *Ben-Reuven v Kidder, Peabody & Co.*, 241 AD2d 504).

Nor do we find any support in the record for a determination that Winters had apparent authority to act on behalf of defendant. " 'Essential to the creation of apparent authority' are *words or conduct of the principal*, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction' " (*Standard Funding Corp. v Lewitt*, 89 NY2d 546, 551, quoting *Hallock v State of New York*, 64 NY2d 224, 231 [emphasis in original]; *see also, Fleet Credit Corp. v Cabin Serv. Co.*, 192 AD2d 421, 424; *Federal Ins. Co. v Diamond Kamvakis & Co.*, 144 AD2d 42, 45, *lv denied* 74 NY2d 604), and the alleged agent cannot, by his own acts, imbue himself with such authority (*Hallock v State of New York, supra*, at 231; *Ford v Unity Hosp.*, 32 NY2d 464, 473; *Shaw Temple A.M.E. Zion Church v Mount Vernon Fire Ins. Co.*, 199 AD2d 374, 376).

In this matter, there is no evidence that defendant knew of, or consented to, Winters' assumption of the role of doorman, as he wore no uniform or other manifestation of authority. The record is also devoid of any indication that defendant-principal, through words or conduct, communicated to a third party that Winters possessed the authority to act on its behalf.

Finally, we note that the motion court's reliance on *Riviello v Waldron* (47 NY2d 297) is misplaced as that case concerned the issue of whether an employee's actions fell within the scope

of his/her employment and does not address, in any manner, whether a non-employee is cloaked with apparent authority. Concur—Nardelli, J. P., Tom, Mazzarelli, Wallach and Andrias, JJ.