DARK BAY INTERNATIONAL, LTD., Appellant, v ACQUAVELLA GALLERIES, INC., Respondent. [784 NYS2d 514]—

Judgment, Supreme Court, New York County (Charles Edward Ramos, J.), entered November 19, 2003, dismissing the complaint, and bringing up for review an order, same court and Justice, entered November 14, 2003, which granted defendant's motion for summary judgment and denied plaintiff's cross motion for summary judgment, unanimously affirmed, with costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff failed to establish that nonparty Michael Cohen was an agent of defendant who had express authority when he agreed to sell a Picasso painting allegedly on defendant's behalf. There was no evidence in the record that defendant had any control over Cohen, a fugitive from justice, or that Cohen was either an employee of or had any affiliation with defendant (*cf. Pensee Assoc. v Quon Indus.*, 241 AD2d 354, 359 [1997]). There was also no evidence that defendant used Cohen as a "runner," i.e., someone who tries to sell artwork on behalf of a gallery, for a small commission. Plaintiff thus could not establish this essential element of express authority (*see Itel Containers Intl. Corp. v Atlanttrafik Exp. Serv. Ltd.*, 909 F2d 698, 702 [2d Cir 1990]).

Cohen had no implied actual authority, under these circumstances, to sell the painting on defendant's behalf under a consignment sale theory, where there was no consignment agreement between defendant and Cohen. There was an invoice from defendant to Cohen, which did not use the word "consignment" but did contain a description of the painting, the price

and the terms of its sale from defendant to Cohen. However, defendant's actions in this matter did not give an appearance of authority to Cohen to conduct the transaction at issue (*see Greene v Hellman*, 51 NY2d 197, 204 [1980]). The motion court correctly reasoned that plaintiff could not impute express authority to sell the painting based upon earlier consignments between defendant and Cohen, else an agent would be an agent forever, and a merchant could never have anything but an agency relationship with that individual.

Plaintiff failed to establish that based upon defendant's words or conduct, Cohen was vested with apparent authority to sell the subject painting on defendant's behalf (*see Ford v Unity Hosp.*, 32 NY2d 464, 472-473 [1973]; *Wood v Carter Co.*, 273 AD2d 7 [2000]). Additionally, plaintiff was unable to establish apparent authority because it failed to make any inquiry—let alone a reasonable one—into Cohen's authority to sell the subject painting (*see Ford v Unity Hosp., supra; William Penn Life Ins. Co. of N.Y. v Irving Trust Co.*, 145 AD2d 174 [1989]). Concur—Sullivan, J.P., Ellerin, Williams, Gonzalez and Catterson, JJ.