■ 150 BEACH 120TH STREET, INC., et al., Respondents, v WASHINGTON BROOKLYN LIMITED PARTNERSHIP et al., Appellants, et al., Defendants, and LEVITES ORGANIZATION, Respondent. [833 NYS2d 667]—

In an action to foreclose a mortgage, the defendants appeal from so much of an order of the Supreme Court, Kings County

(Bayne, J.), dated January 3, 2006, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them and declaring that any notes and mortgages issued in the name of the defendant Washington Brooklyn Limited Partnership to the plaintiffs and the defendant Levites Organization are null and void.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants for summary judgment dismissing the complaint insofar as asserted against them and declaring that any notes and mortgages issued in the name of the defendant Washington Brooklyn Limited Partnership to any of the plaintiffs and the defendant, Levites Organization are null and void is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that any notes and mortgages issued in the name of the defendant Washington Brooklyn Limited Partnership to the plaintiffs and the defendant Levites Organization are null and void.

The appellants Washington Brooklyn Limited Partnership, Freedom SLP, LP, and Freedom Tax Credit Plus, LP (hereinafter collectively the Partnership), established their prima facie showing of entitlement to judgment as a matter of law. In opposition, the defendants and the defendant Levites Organization (hereinafter the respondents) failed to raise a triable issue of fact as to whether Black United Fund of New York Houses of Brooklyn, Inc. (hereinafter BUFNY), the Partnership's purported agent, possessed authority to execute the subject notes and mortgages (*see Ben-Reuven v Kidder, Peabody & Co.*, 241 AD2d 504, 505 [1997]; *GE Capital Mtge. Serv. v Taylor*, 228 AD2d 475, 475-476 [1996]; *Network Mgt. Servs. Group v Rosenkrantz Lyon & Ross*, 211 AD2d 584, 584-585 [1995]; *Fleet Credit Corp. v Cabin Serv. Co.*, 192 AD2d 421, 424 [1993]; *cf. Lindenbaum v Albany Post Prop. Assoc.*, 297 AD2d 661, 662 [2002]). ''Essential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction'' (*Standard Funding Corp. v Lewitt*, 89 NY2d 546, 551 [1997], quoting *Hallock v State of New York*, 64 NY2d 224, 231 [1984] [internal quotation marks omitted]). Here, there is no evidence of words or conduct of the Partnership, communicated to the respondents, which gave rise to the appearance and reasonable belief that BUFNY possessed authority to enter into the subject transactions. An ''agent cannot by his own acts imbue himself with apparent authority'' (*Hallock v State of New York, supra* at 231;

*see Morgold, Inc. v ACA Galleries*, 283 AD2d 407, 408 [2001]; *Wood v Carter Co.*, 273 AD2d 7, 7 [2000]). This is especially true where, as here, the respondents failed to conduct a reasonable inquiry into the scope of BUFNY's alleged authority (*see Ford v Unity Hosp.*, 32 NY2d 464, 472-473 [1973]; *Dark Bay Intl., Ltd. v Acquavella Galleries, Inc.*, 12 AD3d 211, 212 [2004]; *Fleet Bank v Consola, Ricciteli, Squadere Post No. 17*, 268 AD2d 627, 630 [2000]; *Network Mgt. Servs. Group v Rosenkrantz Lyon & Ross, supra* at 585). Accordingly, the Supreme Court erred in denying the Partnership's motion for summary judgment dismissing the complaint insofar as asserted against them and declaring that any notes and mortgages issued to the respondents are null and void. Crane, J.P., Skelos, Covello and Dickerson, JJ., concur.