■ L.S. & Sons Farms, LLC, Respondent, v Agway, Inc. et al., Defendants, and Bejo Seeds, Inc., Appellant. [837 NYS2d 448]—

Appeal from an order of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), entered June 9, 2006. The order, insofar as appealed from, denied in part the motion of defendant Bejo Seeds, Inc. for summary judgment dismissing the complaint.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages arising from the failure of its onion crop. Plaintiff entered into a contract with defendant Agway, Inc. (Agway) for the purchase of onion seeds, and the order was filled through defendant Seedway, Inc. (Seedway), a business division of Agway and an alleged authorized distributor of defendant Bejo Seeds, Inc. (Bejo). The seeds were transported from Bejo's facility in California to a farm in Arizona for sprouting, and the sprouts were then sent directly to plaintiff's farm in New York. After harvesting, the onions began to show signs of *Botrytis allii* fungus, which caused the crop to rot. Plaintiff contended that the fungus was present in the seeds from the time they were exported by Bejo from Europe. The record establishes that the action has been discontinued against Agway and Seedway, based on their bankruptcy.

Supreme Court erred in denying those parts of Bejo's motion for summary judgment dismissing the breach of implied warranty claim and breach of contract cause of action, and thus should have granted Bejo's motion for summary judgment in its entirety and dismissed the complaint. Bejo met its initial burden by establishing that it had no contract with plaintiff and that Seedway was only its authorized dealer and was not its agent, and plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition to Bejo's motion, plaintiff submitted evidence that Seedway was the exclusive regional distributor of Bejo seeds and held itself out as a partner of Bejo, that Bejo employees accompanied Seedway employees on sales calls, and that Bejo representatives attended a meeting with plaintiff and Seedway representatives, among others, after the rot developed. Plaintiff presented no evidence of an actual agency relationship between Bejo and Seedway, however, nor did it present evidence of any words or conduct on the part of Bejo that would "give rise to the appearance and belief that [Seedway] possesse[d] authority to enter into a transaction" on behalf of Bejo (*Hallock v State of New York*, 64 NY2d 224, 231 [1984]). Plaintiff thus established only that Seedway was a distributor of Bejo's product, and plaintiff failed to raise an issue of fact whether Seedway had actual or apparent authority to bind Bejo in any manner with respect to the sale of the onion seeds (*see Pyramid Champlain Co. v Brosseau & Co.*, 267 AD2d 539, 544 [1999], *lv denied* 94 NY2d 760 [2000]; *Bellino Schwartz Padob Adv. v Solaris Mktg. Group*, 222 AD2d 313 [1995]). Present—Scudder, P.J., Smith, Fahey, Peradotto and Pine, JJ.