In this action for breach of contract and account stated, the record conclusively establishes that defendant, formerly a close family friend of plaintiff, who ran a jewelry business, was liable for the sale or return of jewelry that was entrusted to her on July 3, 2007 and August 6, 2007. Indeed, the parties entered into a written contract on August 6, 2007, characterized as a *545 “promissory note,” which memorialized that a binding agreement was made as to all essential terms (see generally Silber v New York Life Ins. Co., 92 AD3d 436, 439 [1st Dept 2012]). This document, which referenced defendant by name, called for two payments to be made totaling $205,000 — the wholesale value of the jewelry conveyed in the July 3, 2007 statement and the jewelry conveyed in the August 6, 2007 statement. This document makes no reference to a consignment and clearly pledged defendant’s own property as collateral in the event the payments were not made.
Even if the statements that accompanied the jewelry were unclear as to the type of transaction at issue, the evidence shows that the parties treated the arrangement as a “sale or return” contract, not as a “consignment” (Rahanian v Ahdout, 258 AD2d 156, 157-159 [1st Dept 1999]). Indeed, defendant had the power to sell the jewelry without obtaining permission from plaintiff, there was no indication that plaintiff retained any control over the price defendant was to charge, and there was no evidence that defendant was to be paid a commission. In short, there was no evidence that plaintiff exercised any control over defendant as an employee or agent (see Dark Bay Intl., Ltd. v Acquavella Galleries, Inc., 12 AD3d 211 [1st Dept 2004], lv denied 4 NY3d 705 [2005]).
Contrary to defendant’s assertion, even if there was no contract, defendant’s receipt and retention of plaintiffs invoices without objection over a reasonable period of time gave rise to an account stated (see Rockefeller Group v Edwards & Hjorth, 164 AD2d 830, 830 [1st Dept 1990]).
Defendant makes no meritorious argument that summary judgment was premature, as she points to no facts essential to her opposition that are in plaintiffs control (see CPLR 3212 [f]), and plaintiff attested that he searched his records and did not have any additional emails or correspondence with respect to this matter, or any surveillance videos or phone records from the period in question. Concur — Gonzalez, PJ., Sweeny, Acosta, Renwick and Manzanet-Daniels, JJ.