■ ANDRE B. COOK, Respondent, v MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Appellant. (Appeal No. 1.) [63 NYS3d 286]—Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered September 19, 2016. The order granted the motion of plaintiff for summary judgment.

Appeal from a judgment of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered September 28, 2016. The judgment awarded plaintiff money damages.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, an insurance agent, commenced this action asserting causes of action for, inter alia, breach of contract arising from the sale of a group of universal life insurance policies in 1997, for which defendant received a $50 million premium. Plaintiff's commission payments for the sale were deferred over a period of 20 years pursuant to a deferred

compensation schedule. Plaintiff was assisted in procuring the 1997 transaction by a fellow insurance agent (hereafter, co-producer). Plaintiff and the co-producer entered into a split commission agreement, whereby each would receive a percentage of the total commission earned. In 1998, more than seven months after the transaction closed, defendant and the co-producer entered into an insurance producer contract. The producer contract contained the same 20-year deferred compensation schedule to which plaintiff had agreed in 1997 and the same split commission percentages to which plaintiff and the co-producer had previously agreed, but it contained an additional condition that commissions would be paid by defendant only if no policy within the group of policies was surrendered or exchanged. Plaintiff did not sign the producer contract, and he did not become aware of its existence until 2013. Some of the policies within the group that was sold in 1997 were surrendered in 2007 and 2008, and defendant reduced the amount of commissions that it paid to plaintiff in policy years 11 through 16. Defendant terminated plaintiff's commission payments in 2012.

Plaintiff moved for, inter alia, summary judgment on the complaint on the ground that, pursuant to his agreement with defendant in 1997, he would be paid a commission on the entire $50 million premium over a period of 20 years, and there was no agreement to reduce or terminate plaintiff's commissions upon a surrender of any or all of the policies. Supreme Court granted the motion, and we affirm.

There is no dispute that plaintiff earned a commission in 1997 that was payable over 20 years, and there is similarly no dispute that plaintiff did not sign the producer contract in 1998 that contained the surrender condition, pursuant to which defendant discontinued plaintiff's commission payments prior to the expiration of the 20-year deferral period. The sole issue before us is whether the co-producer had the authority to bind plaintiff to the producer contract.

We agree with the court that plaintiff met his initial burden of establishing that he was not bound by the producer contract, and defendant failed to raise a material issue of fact (see *L.S. & Sons Farms, LLC v Agway, Inc.*, 41 AD3d 1152, 1153 [4th Dept 2007]). In support of his motion, plaintiff established that he had no agency relationship with the co-producer, inasmuch as the co-producer had neither actual nor apparent authority to bind him (see *Network Mgt. Servs. Group v Rosenkrantz Lyon & Ross*, 211 AD2d 584, 584-585 [1st Dept 1995]; *Sedig v Okemo Mtn.*, 204 AD2d 709, 710 [2d Dept 1994]; *Bubonia Hold-*

*ing Corp. v Jeckel*, 189 AD2d 957, 958-959 [3d Dept 1993]). With respect to actual authority, the written agreements between plaintiff and the co-producer expressly provided that neither party had the authority to enter into any agreement or contract on behalf of the other. With respect to apparent authority, we note that, "[e]ssential to the creation of [such] authority are words or conduct of the principal, communicated to the third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction" (*Hallock v State of New York*, 64 NY2d 224, 231 [1984]; *see Ford v Unity Hosp.*, 32 NY2d 464, 472-473 [1973]; *see also Greene v Hellman*, 51 NY2d 197, 204 [1980]). Here, defendant does not attribute any conduct or words by plaintiff that gave rise to the appearance or a reasonable belief that the co-producer possessed the authority to enter into a contract on plaintiff's behalf. Rather, defendant relies upon several documents that it contends, when read together, created the appearance that the co-producer had the requisite authority to bind plaintiff. We reject that contention. It is the conduct of the principal that is relevant in determining whether apparent authority exists (*see Hallock*, 64 NY2d at 231), and defendant's reliance on documents that contained no representations of plaintiff and in no way suggested that the co-producer had the authority to act on plaintiff's behalf was unreasonable (*see id.*; *cf. Regency Oaks Corp. v Norman-Spencer McKernan, Inc.*, 129 AD3d 1454, 1456 [4th Dept 2015], *appeal dismissed and lv dismissed* 26 NY3d 980 [2015]). Defendant failed to inquire about the scope of the co-producer's authority to bind plaintiff (*see Davis v CEC, Inc.*, 135 AD3d 1049, 1051-1052 [3d Dept 2016], *lv denied* 27 NY3d 904 [2016]; *150 Beach 120th St., Inc. v Washington Brooklyn Ltd. Partnership*, 39 AD3d 722, 723-724 [2d Dept 2007]; *Pyramid Champlain Co. v Brosseau & Co.*, 267 AD2d 539, 544 [3d Dept 1999], *lv denied* 94 NY2d 760 [2000]), and thus entered into the producer contract without plaintiff at its own peril (*see Ford*, 32 NY2d at 472).

In light of our determination, we do not address defendant's remaining contentions. Present—Whalen, P.J., Centra, Lindley, Troutman and Winslow, JJ.