A&W Egg Co., Inc. v Tufo's Wholesale Dairy, Inc. (2019 NY Slip Op 01498)





A&W Egg Co., Inc. v Tufo's Wholesale Dairy, Inc.


2019 NY Slip Op 01498


Decided on February 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2019

Friedman, J.P., Kapnick, Webber, Oing, Singh, JJ.


8554 302231/15 8553

[*1]A & W Egg Co., Inc., Plaintiff-Respondent,
v
Tufo's Wholesale Dairy, Inc., Defendant-Appellant.


Treybich Law, P.C., New York (Michael Treybich of counsel), for appellant.
Law Offices of Bernard D'Orazio & Associates, P.C., New York (Steven G. Yudin of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered February 2, 2018, in favor of plaintiff and against defendant in the principal sum of $112,252.90, and bringing up for review an order, same court and Justice, entered on or about January 29, 2018, which granted plaintiff's motion for summary judgment on its causes of action for goods sold and delivered, and account stated and denied defendant's cross motion to compel discovery, unanimously affirmed, with costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff satisfied its prima facie burden by submitting packaging slips and invoices which showed that defendant placed orders for eggs on the dates at issue, the eggs were delivered to defendant and defendant accepted delivery, and defendant did not make any objections to the invoices or to the product (see Morrison Cohen Singer & Weinstein, LLP v Waters, 13 AD3d 51 [1st Dept 2004]; Sunkyong Am. v Beta Sound of Music Corp., 199 AD2d 100 [1st Dept 1993]). Defendant failed to preserve its evidentiary objections to plaintiff's documentary submissions for appellate review (see Verizon N.Y. Inc. v City of New York, 159 AD3d 443 [1st Dept 2018]). In any event, plaintiff provided sufficient foundation to consider the invoices and most of the other documents submitted as business records (CPLR 4518[a]; see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 508 [2015]).
Defendant's conclusory affidavit in opposition to the motion was insufficient to raise a triable issue as to whether plaintiff's statement of account was in fact disputed by defendant, or whether defendant had made any payments on any of the outstanding invoices (see M & R Constr. Corp. v IDI Constr. Co., 4 AD3d 130 [1st Dept 2004]). Since defendant could have opposed the motion based on its own documents, and "point[ed] to no facts essential to [its] opposition that are in plaintiff's control," the motion was not prematurely decided before discovery (Goldmuntz v Schneider, 99 AD3d 544, 545 [1st Dept 2012]; see CPLR 3212[f]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 28, 2019
CLERK