Katsky Korins, LLP v International Dev. Inst., Inc. (2020 NY Slip Op 06055)





Katsky Korins, LLP v International Dev. Inst., Inc.


2020 NY Slip Op 06055


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Gische, J.P., Oing, Scarpulla, Mendez, JJ. 


Index No. 657285/17 Appeal No. 12198 Case No. 2020-01390 

[*1]Katsky Korins, LLP, Plaintiff-Respondent,
v
International Development Institute, Inc., Defendant-Appellant.


Raymond Schwartzberg & Associates, PLLC, New York (Steven I. Brizel of counsel), for appellant.
Katsky Korins LLP, New York (Robert A. Abrams of counsel), for respondent pro se.



Judgment, Supreme Court, New York County (Doris Ling-Cohan, J.), entered August 12, 2019, in favor of plaintiff, and bringing up for review an order, same court and Justice, entered July 17, 2019, which granted plaintiff's motion for summary judgment on its account stated cause of action and dismissing defendant's counterclaims for excessive fees and breach of the implied covenant of good faith and fair dealing, unanimously affirmed, with costs.
In opposition to plaintiff's showing of entitlement to judgment on the cause of action for an account stated, defendant failed to raise an issue of fact as to whether it objected to the invoices that it received pursuant to the parties' engagement letter and retainer (see Goldmuntz v Schneider, 99 AD3d 544, 545 [1st Dept 2012]).
Given defendant's failure to object to the invoices, its counterclaim for excessive fees was correctly dismissed (Lapidus & Assoc., LLP v Elizabeth St., Inc., 92 AD3d 405 [1st Dept 2012]).
Defendant's counterclaim for breach of the covenant of good faith and fair dealing based on plaintiff's court-ordered withdrawal as counsel, for nonpayment, was correctly dismissed because the right to withdraw upon nonpayment was an express term of the engagement letter (see Peter R. Friedman, Ltd. v Tishman Speyer Hudson L.P., 107 AD3d 569, 570 [1st Dept 2013]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020