Breitling v Boneau Design, Inc. (2024 NY Slip Op 50914(U))

[*1]

Breitling v Boneau Design, Inc.

2024 NY Slip Op 50914(U)

Decided on July 10, 2024

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 10, 2024
Supreme Court, New York County

Berthold Breitling, Plaintiff,

against
Boneau Design, Inc., BARRY BONEAU, and BADALY ENGINEERING, PLLC, Defendants.

Index No. 652861/2023

Law Offices of Charles A. Singer, Great Neck, NY (Charles A. Singer of counsel), for plaintiff. 
No appearance for defendant Badaly Engineering, PLLC.

Gerald Lebovits, J.

This action arises from a dispute over a home-renovation project. According to the allegations of the verified complaint, plaintiff, Berthold Breitling, sought in 2022 to engage home-improvement contractors to perform renovations on a house he intended to purchase. (NYSCEF No. 50 at ¶¶ 17-20.) On June 20, 2022, following several meetings with defendant Barry Boneau, Breitling entered into an initial "Proposal Agreement." (Id. at ¶¶ 21-22.) On July 20, 2022, Breitling wired $10,000 to defendant Boneau Design as an "installment payment." (Id. at ¶¶ 24-26.) On September 29, 2022, Breitling and Boneau Design, through Boneau, signed the final contract. (Id. at ¶ 34.) Boneau Design allegedly signed the final contract as agent for defendant Badaly Engineering, PLLC. (See id. at ¶ 36.) Around January 23, 2023, Breitling wired the balance of the payments required under the contract to Boneau Design, through two wires totaling $82,500. (NYSCEF No. 50 at ¶ 55.)
Breitling alleges that defendants failed to perform under the contract between January 2023 and March 2023. (NYSCEF No. 50 at ¶¶ 58, 72-78.) On March 3, 2023, Breitling sent an email to Boneau terminating the contract and requesting a statement of fees and services for any work performed through that date. (NYSCEF No. 50 at ¶¶ 59-60.) Breitling claims that defendants failed to respond to the March 3, 2023, email and have not provided a statement of fees. (Id.) Breitling alleges that he subsequently sent Boneau and Boneau Design a written demand for the return of the $92,500 paid, but his demand was refused. (NYSCEF No. 50 at ¶ 61.)
Breitling brought this action in June 2023. Breitling asserts claims against all defendants for breach of contract, money had and received, unjust enrichment, conversion, and violations of Article 3-A of the Lien Law and Article 36-A of the General Business Law (GBL). Breitling now moves for default judgment on liability against defendant Badaly.[FN1]
The motion is denied.
DISCUSSION
Breitling has provided proof of service on Badaly Engineering (see NYSCEF No. 51); and Badaly has not appeared. But Breitling has not provided sufficient proof of the facts constituting its claims against Badaly.[FN2]

I. Breitling's First Cause of Action Against Badaly (Breach of Contract)
Breitling's first cause of action is for breach of contract. "The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach." (143 Bergen St., LLC v Ruderman, 144 AD3d 1002, 1003 [2d Dept 2016].)
A breach-of-contract claim may not generally be brought against a non-signatory. (See Randall's Is. Aquatic Leisure, LLC v City of New York, 92 AD3d 463 [1st Dept 2012].) In this case, Badaly did not sign the contract at issue. (NYSCEF No. 50 at ¶¶ 34-36, ¶ 67, pp. 36, 40.) [*2]Breitling alleges that Boneau Design signed the contract as Badaly's "agent," thereby binding Badaly to the contract. (NYSCEF No. 50 ¶¶ 36, 67.) He alternatively alleges that Badaly is a third-party beneficiary and therefore liable under the contract. (NYSCEF No. 50 ¶¶ 67.)
To hold Badaly liable under the contract on an agency theory, Breitling must show that Boneau Design had either actual or apparent authority as Badaly's agent to bind it to the contract. (See Network Mgt. Servs. Group v Rosenkrantz Lyon & Ross, 211 AD2d 584, 584-585 [1st Dept 1995].) Apparent authority exists when "words or conduct of the principal, communicated to a third party," that "give rise to the appearance and belief that the agent possesses authority to enter into a transaction." (Hallock v State of New York, 64 NY2d 224, 231 [1984].)
Breitling has not rovided sufficient support for his claim that Boneau Design acted as Badaly's agent. Breitling notes that the contract listed Badaly as part of Boneau's "team," described the services to be performed by Badaly, and provided Badaly with certain rights and obligations. (NYSCEF No. 50 at ¶¶ 9, 39, 67-68.) But actual or apparent authority must arise from the words or conduct of the principal, not the agent. (See Sherrod v Mount Sinai St. Luke's, 204 AD3d 1053, 1058-1059 [2d Dept 2022].) An "agent cannot by his own acts imbue himself with apparent authority." (Hallock v State of New York, 64 NY2d 224, 231 [1984].) Thus, an agreement created and signed by an alleged agent is not itself sufficient to create an appearance that the principal had given the agent authority to act on its behalf. (See Network Mgt. Servs. Group v Rosenkrantz Lyon & Ross, 211 AD2d 584, 584-585 [1st Dept 1995].) Breitling has failed to allege that any words or conduct of defendant Badaly led Breitling to reasonably believe that Boneau Design had the authority to act as Badaly's agent.
Alternatively, Breitling argues that the contract can be enforced against Badaly under the theory that Badaly is a third-party beneficiary to the contract. (NYSCEF No. 50 at ¶ 67.) A non-party to a contract may bring a breach of contract claim if it is an intended third-party beneficiary to the contract. (See Town of Huntington v Long Is. Power Auth., 130 AD3d 1013, 1014 [2d Dept 2015].) The converse, however, is not true: A party to a contract may not sue a non-signatory on the theory that the non-signatory is a third-party beneficiary. (See N.F. Gozo Corp. v Kiselman, 38 Misc 3d 48, 51 [App Term, 2d Dept 2012].)
II. Breitling's Second, Third, and Fourth Causes of Action Against Badaly (Money had and Received, Unjust Enrichment, Conversion)
Breitling brings three causes of action against Badaly as alternatives to his breach-of-contract claim: money had and received; unjust enrichment; and conversion. Each of these causes of action, however, is subject to dismissal as duplicative of the contract claim, given Breitling's allegation that his interactions with Badaly are covered by a valid and enforceable contract.[FN3]
(See Fesseha v TD Waterhouse Inv. Servs., 305 AD2d 268, 269 [1st Dept 2003] [*3][money had and received; conversion]; Goldman v. Metropolitan Life Ins. Co., 5 NY3d 561, 572 [2005] [unjust enrichment].) This "prohibition against quasi-contractual claims in the face of an express contract applies not only to the parties in privity of contract, but noncontracting parties" like Badaly, as well. (Dragons 516 Ltd. v GDC 138 E 50 LLC, 201 AD3d 463, 464 [1st Dept 2022].)
Even setting aside the issue of duplication, Breitling's allegations supporting these three causes of action would still be insufficient. Both unjust enrichment and money had and received require the plaintiff to allege that the defendant actually received the money or alleged benefit. (See Marcal Fin. SA v Middlegate Sec. Ltd., 203 AD3d 467, 469 [1st Dept 2022].) Breitling has not done so here. To the contrary, Breitling has alleged only that he paid the contractual fees to defendant Boneau Design—without any corollary allegation that Boneau Design paid over those fees to Badaly. Similarly, Breitling has not alleged that Badaly has or had "unauthorized possession" of the fees he paid, as required to bring a viable claim for conversion. (See Dragons 516 Ltd. 201 AD3d at 464.)
III. Breitling's Fifth Cause of Action Against Badaly (Violations of Lien Law Article 3-A and GBL Article 36-A)
Finally, Breitling brings a cause of action against Badaly for violations of Article 3-A of the Lien Law and Article 36-A of the GBL. Breitling argues that the $92,500 constituted trust funds under Lien Law §§ 70, 71-a. (NYSCEF No. 50 at ¶¶ 107-108.) Breitling alleges, on information and belief, that "Defendants" improperly diverted the funds in violation of Lien Law § 72. (NYSCEF No. 50 at ¶ 111.) Breitling further alleges, again on information and belief, that "Defendants" failed to comply with record keeping requirements imposed by Lien Law § 75. (NYSCEF No. 50 at ¶ 110.) Conclusory allegations made on information and belief are insufficient, however, to support a claim for diversion. (See Five Star Elec. Corp. v Silverite Constr. Co., Inc., 220 AD3d 508, 509 [1st Dept 2023].)
Breitling also alleges that defendants are subject to statutory penalties under GBL § 773 for their violations of Lien Law Article 3-A and GBL Article 36-A. Under similar circumstance, other courts in the First Department have found that the only private action created by Article 36-A arises under GBL § 772. (See Escabi v Twins Contr., LLC, 2022 NY Slip Op 50423[U], *20 [Sup Ct, Bronx County 2022, Gomez, J.]; Theodoli v Poliform S.P.A., 2023 NY Slip Op 33522[U], *4 [Sup Ct, NY County 2023, Frank, J.]) But Breitling's complaint does not contain allegations that Breitling was fraudulently induced into entering the contract, as required to support a cause of action under § 772. Breitling has not, therefore, provided facts sufficient to support his fifth cause of action.
Accordingly, it is
ORDERED that Breitling's motion for default judgment against defendant Badaly Engineering is denied; and it is further
ORDERED that if Breitling does not bring a renewed default-judgment motion against Badaly Engineering, supported by proper proof, within 45 days of entry of this order, the action will be dismissed as against Badaly; and it is further
ORDERED that Breitling serve a copy of this order with notice of its entry on defendants Boneau and Boneau Design by e-filing on NYSCEF; and on defendant Badaly by certified mail, return receipt requested, directed to Badaly's last-known address.
DATE 7/10/2024

Footnotes

Footnote 1:Defendants Boneau and Boneau Design answered and counterclaimed. This court granted Breitling's motion to dismiss those counterclaims. (See Breitling v. Boneau Design, Inc., 2024 NY Slip Op 50179[U] [Sup Ct, NY County 2024].)

Footnote 2:Proof of facts constituting claims may be submitted through either a verified complaint or an affidavit by the party. (CPLR 3215 [f].). The complaint submitted in support of this motion is "verified" by Breitling's attorney. A complaint verified by an attorney is hearsay and alone is insufficient to support a default judgment. (See Beltre v Babu, 32 AD3d 722, 723 [1st Dept 2006].) However, in Breitling's affidavit in support of this motion, he states that he is "personally and fully familiar" with the facts in the complaint and incorporates all facts and allegations from the complaint. (NYSCEF No. 48 at ¶ 3.) Because Breitling's affidavit has incorporated and attested to the allegations in the complaint, the complaint may properly be considered for the purposes of this motion. (See Easy Rent Corp. v Yue Yu, 2023 NY Slip Op 50594, *3 [Sup Ct, NY County 2023], citing Matter of Shankman v Axelrod, 137 AD2d 255, 257 [3d Dept 1988].)

Footnote 3:Breitling's allegation that the contract does not comply with GBL Article 36-A, discussed further below, does not alter this conclusion. Although a contract's non-compliance with Article 36-A bars recovery by a contractor, the contract is still considered valid and enforceable by the owner against the contractor. (See White Knight Constr. Contrs., LLC v Haugh, 216 AD3d 1345, 1347 [3d Dept 2023].)