■ MICHAEL G. COLLINS, Appellant, v E-MAGINE, LLC, et al., Respondents. [739 NYS2d 15] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered May 1, 2000, dismissing the complaint and bringing up for review an order, same court and Justice, entered March 28, 2000, which denied plaintiff's motion for partial summary judgment and granted defendants' cross motion for summary judgment, unanimously affirmed, without costs. Appeal from the aforesaid order, entered March 28, 2000, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Although defendant E-Magine does appear to have breached the three-year employment contract between it and plaintiff when it terminated plaintiff's services, the motion court properly found that the final payment agreement subsequently signed by plaintiff on August 6, 1998 was a release and not, as plaintiff contends, merely a receipt for the $24,240 that was owed to him for past commissions. Clear and complete writings should generally be enforced according to their terms (see, Matter of Wallace v 600 Partners Co., 86 NY2d 543, 548). The subject writing unambiguously reflects plaintiff's intention to

settle any further claims against E-Magine, which was in the process of terminating its operations after having lost considerable money during the brief time that it had been in business, in exchange for a certain payment of $24,240. Plaintiff may not avoid enforcement of such release by arguing, in a conclusory manner, that he signed the document because it represented his only means of assuring his receipt of compensation for past services and/or that he did not read the document or fully comprehend its significance (*see, Goldberg v Manufacturers Life Ins. Co.*, 242 AD2d 175, 180, *lv dismissed and denied* 92 NY2d 1000). Similarly, plaintiff may not, in view of the clear and unambiguous nature of the release, endeavor to vary its terms or to create an ambiguity by resorting to extrinsic evidence (*see, W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163). Nor is the release invalid for lack of consideration (*see,* General Obligations Law § 15-303; *see also, GG Mgrs. v Fidata Trust Co. N.Y.*, 215 AD2d 241, 242, *lv dismissed* 87 NY2d 896).

Plaintiff's breach of contract causes of action against the defendants other than E-Magine were also properly dismissed since, under Limited Liability Company Law § 609 (a), those defendants, as members and managers of E-Magine, a limited liability company under New York's Limited Liability Company Law, are expressly exempt from personal responsibility for the obligations of E-Magine. In addition, although plaintiff seeks to impose liability on the non-E-Magine defendants upon the theory that E-Magine was merely their alter ego, he has not, particularly in view of the heavy burden to be met if the corporate veil is to be pierced (*see, TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339), raised any triable issue as to the legitimacy of the non-E-Magine defendants' status as entities separate from E-Magine.

Finally, the court properly dismissed plaintiff's cause of action for tortious interference. E-Magine was in dire economic straits at the time that plaintiff was discharged from his employment. As a general matter, economic interest precludes a claim for tortious interference with a contract unless there is a showing of malice or illegality (*see, Foster v Churchill*, 87 NY2d 744, 749), and no such showing has been made by plaintiff. There is no indication that any legal duty independent of the allegedly breached contract has been violated, and in the absence of such a showing, no action to recover in tort will lie (*see, Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Williams, J.P., Lerner, Buckley, Friedman and Marlow, JJ.