■ CYNTHIA CHILES, as Administratrix of the Estate of CARLTON SIMPSON, Deceased, Appellant, v D & J SERVICE, INC., et al., Defendants, and MORNINGSIDE HOUSE NURSING HOME COMPANY, INC., et al., Respondents. [825 NYS2d 21]—

Order, Supreme Court, Bronx County (Alan Saks, J.), entered March 3, 2006, which, to the extent appealable by plaintiff, granted the motion of defendants Morningside House Nursing Home Company, Inc. and Aging In America, Inc. (collectively Morningside) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiff's decedent suffered from Alzheimer's disease and was a patient at Morningside's adult day care facility. Morningside's patients were transported to and from their homes by D & J Service, Inc. (DJS) pursuant to a contract between Morningside and DJS. Although the contract specifically provided that DJS's drivers should never leave Morningside's patients unattended, on the day of the incident, DJS's driver escorted another patient to her residence and left plaintiff's decedent alone on the DJS van for several minutes. When the driver returned, plaintiff's decedent had wandered off and was found three days later suffering from hypothermia, from which he later died.

The court properly granted summary judgment to Morningside and dismissed the complaint as against it, since the negligence of DJS and its driver in violating DJS's own procedures and leaving plaintiff's decedent unattended was the

sole proximate cause of the incident. Plaintiff raises the issue of vicarious liability for the first time on appeal. Even were we to consider it, there are no triable issues regarding whether Morningside could be held vicariously liable for the negligence of its independent contractor. Morningside did not exercise control over DJS's performance of its services and rendering the transportation services at issue was not inherently dangerous work (*see Chainani v Board of Educ. of City of N.Y.*, 87 NY2d 370, 380-381 [1995]; *Brown v Transcare N.Y., Inc.*, 27 AD3d 350, 351 [2006]). Nor did Morningside breach a nondelegable duty to provide transportation to its patients. We note in this connection the Department of Health's findings, following an investigation of the incident, that there was insufficient evidence that Morningside violated any state or federal regulations.

While plaintiff purports to appeal from that part of the motion court's order granting Morningside's motion for summary judgment on its cross claims for contractual and common-law indemnification against DJS, plaintiff is not aggrieved by that part of the order and, accordingly, has no appeal therefrom (CPLR 5511; *see D'Ambrosio v City of New York*, 55 NY2d 454, 459-460 [1982]; *Baca v HRH Constr. Corp.*, 200 AD2d 538 [1994], *lv denied* 84 NY2d 807 [1994]). Concur—Buckley, P.J., Mazzarelli, Nardelli, Catterson and Malone, JJ.