■ JIN-RONG YU, Plaintiff, v 2030 EMBASSY LLC et al., Defendants. 2030 EMBASSY LLC et al., Third-Party Plaintiffs-Appellants-Respondents, et al., Third-Party Plaintiff, v TAFT ELECTRIC COMPANY, INC., Third-Party Defendant-Respondent-Appellant, et al., Third-Party Defendants. [922 NYS2d 31]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered October 7, 2010, which, insofar as appealed from, denied defendants/third-party plaintiffs 2030 Embassy LLC and Carnegie Hill Management Corporation's motion for summary judgment on their claim for contractual indemnification against third-party defendant Taft Electric Company, Inc., and denied Taft's motion to compel a complete inspection of 2030 Embassy's computer system, unanimously modified, on the law, to grant 2030 Embassy and Carnegie Hill's motion, and otherwise affirmed, without costs.

In support of their motion, 2030 Embassy and Carnegie Hill submitted, inter alia, a copy of a contract or estimate executed by 2030 Embassy and Taft that contains an indemnification provision and the transcript of the deposition testimony of Joseph Tuzzolo, Taft's president and owner. Tuzzolo testified unequivocally that, before plaintiff's accident, he signed a contract with 2030 Embassy for the subject electrical work that contained an indemnification provision. While Tuzzolo claimed not to have read the contract at the time of its execution, he did not explain his failure to read it and is bound by its terms (*see Collins v E-Magine*, 291 AD2d 350, 351 [2002], *lv denied* 98 NY2d 605 [2002]). In opposition to the motion, Tuzzolo submitted an affidavit claiming that the contract was actually executed after the accident. This affidavit is insufficient to raise a triable issue of fact because it contradicts, and appears to have been tailored to avoid the consequences of, Tuzzolo's earlier testimony (*see Smith v Costco Wholesale Corp.*, 50 AD3d 499, 501 [2008]; *Telfeyan v City of New York*, 40 AD3d 372 [2007]).

The court properly declined to award Taft further postnote of issue discovery (*see* 22 NYCRR 202.21 [d]). Concur—Friedman, J.P., Sweeny, DeGrasse, Abdus-Salaam and Román, JJ. **[Prior Case History: 2010 NY Slip Op 32783(U).]**