OPINION OF THE COURT
Memorandum.
Ordered that the appeal from the order entered January 7, 2010 is dismissed as that order was superseded by the order entered April 23, 2010; and it is further, ordered that so much of the appeal as is from the portion of the order entered April 23, 2010 that modified the prior order only to the extent of providing that the branch of the motion by J.E Morgan Chase Bank, N.A. seeking a judgment of indemnification against defendant 2500 Coney Island Avenue Associates, LLC was granted on default is dismissed on the ground that plaintiff is not aggrieved by that portion of the order; and it is further, ordered that the order entered April 23, 2010, insofar as reviewed, is affirmed, without costs.
Plaintiff brought this action against defendants for breach of contract and to foreclose a mechanic’s lien. Plaintiff alleged in the complaint that it had been hired by defendants to supply and install “stone blend,” and that it was owed $13,500 for such goods and services. J.E Morgan Chase Bank, N.A., as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as receiver (Chase), moved for summary judgment dismissing so much of the complaint as was asserted against Washington Mutual Bank and for a judgment of indemnification against defendant 2500 Coney Island Avenue Associates, LLC (2500 Coney Island). In support of the motion, Chase alleged that Washington Mutual Bank had leased office space and the adjoining parking *50 lot at 2500 Coney Island Avenue, Brooklyn, New York from defendant 2500 Coney Island. Chase further alleged that plaintiff had been hired by 2500 Coney Island to perform construction work on the parking lot leased by Washington Mutual Bank and that Washington Mutual Bank was not a party to the construction contract between plaintiff and 2500 Coney Island.
In opposition to the motion, plaintiffs attorney alleged that Washington Mutual Bank is a third-party beneficiary of the contract between plaintiff and 2500 Coney Island since Washington Mutual Bank leased the parking lot from 2500 Coney Island and, thus, it stood to benefit from the work performed by plaintiff. In addition, the lease between Washington Mutual Bank and 2500 Coney Island contained a provision giving the bank exclusive use of the parking lot and the right to an abatement if 2500 Coney Island failed to fulfill its obligations under the lease. Plaintiffs counsel also alleged that Chase, as a successor to Washington Mutual Bank, is a necessary party to this action as it may be the only viable resource for compensation if the other defendants fail to show up for trial or end up judgment proof.
By order entered January 7, 2010, the Civil Court granted Chase’s motion for summary judgment and for a judgment of indemnification against 2500 Coney Island.
Thereafter, plaintiff moved for leave to reargue its opposition to the prior motion and to amend the complaint. Plaintiffs attorney alleged that, based upon a valid contract that plaintiff had with 2500 Coney Island, the fact that Washington Mutual Bank was the intended beneficiary of the work performed thereunder and that the lease between Washington Mutual Bank and 2500 Coney Island provided the bank with an exclusive right to use the parking lot along with the right to an abatement in rent if 2500 Coney Island failed to fulfill said obligation, Chase’s motion should have been denied.
Regarding the branch of the motion seeking leave to amend the complaint, plaintiff argued that the complaint should be amended to allege that Washington Mutual Bank is a third-party beneficiary of the construction contract between plaintiff and 2500 Coney Island, and that a cause of action for unjust enrichment should be permitted to be asserted against the bank.
By order entered April 23, 2010, the Civil Court, among other things, granted the branch of plaintiffs motion seeking leave to reargue and, upon reargument, adhered to the original determination granting Chase’s motion for summary judgment and denying the branch of plaintiffs motion seeking leave to amend *51 the complaint. The court modified the portion of the order granting the branch of Chase’s motion for a judgment of indemnification by providing that said branch of the motion had been granted on 2500 Coney Island’s default.
Insofar as plaintiff appeals from that part of the order entered April 23, 2010 that adhered to so much of the prior order as granted the branch of Chase’s motion for indemnification against 2500 Coney Island, we do not consider plaintiffs assertions relating thereto as plaintiff was not aggrieved by that part of the order and, accordingly, has no appeal therefrom (see CPLR 5511; Chiles v D & J Serv., Inc., 34 AD3d 319 [2006]).
There is no merit to plaintiffs appeal from the order entered April 23, 2010, insofar as reviewed. Plaintiffs theory of holding Chase liable is based upon the bank’s status as a third-party beneficiary. It is well settled that a nonparty to a contract cannot be named as a defendant in a breach of contract action unless the nonparty assumed the obligations under the agreement (see Bartsch v Bartsch, 54 AD2d 940 [1976]; International Customs Assoc., Inc. v Ford Motor Co., 893 F Supp 1251, 1255 [1995]). While the status of an intended third-party beneficiary gives that individual a right to sue on a contract to which that individual is not a party, this status does not confer upon one of the parties to the agreement the right to sue the third-party beneficiary (see International Customs Assoc., Inc., 893 F Supp at 1255-1256). In this case, plaintiff did not establish that the bank had assumed any obligations of the agreement between plaintiff and the other named defendants.
Plaintiffs contentions that it should be permitted to amend the complaint to allege that Chase is a third-party beneficiary of the construction agreement and that it should be permitted to add a cause of action against Chase for unjust enrichment are also without merit. Leave to amend a pleading should be freely granted where the proposed amendment is not palpably insufficient or patently devoid of merit and will not prejudice or surprise the opposing party (see CPLR 3025 [b]; Crespo v Pucciarelli, 21 AD3d 1048, 1049 [2005]). In this case, the proposed amendments are palpably insufficient and devoid of merit. Thus, the Civil Court properly denied the branch of plaintiffs motion seeking leave to amend the complaint.
Accordingly, the order entered April 23, 2010, insofar as reviewed, is affirmed.
Rios, J.P, Aliotta and Solomon, JJ., concur.