■ UNIQUE LAUNDRY SERVICE, INC., Appellant-Respondent, v HUDSON PARK NY LLC et al., Respondents-Appellants, and JESSE D. WOLF et al., Respondents. [11 NYS3d 567]—

Order and judgment (one paper), Supreme Court, New York County (Carol R. Edmead, J.), entered December 11, 2013, which, to the extent appealed from as limited by the briefs, granted defendants ground lessors' cross motion for summary judgment on their counterclaim for a declaratory judgment as to the validity of the laundry room contract, granted current ground lessees, defendants Hudson Park NY LLC and Joel S. Wiener (the Hudson defendants), cross motion for summary judgment dismissing the complaint as against them, denied plaintiff's motions for summary judgment on its claims against the Hudson defendants and to dismiss the ground lessors' counterclaim, and granted in part plaintiff's motion for sum-

mary judgment dismissing the Hudson defendants' affirmative defenses, unanimously modified, on the law, to deny defendants' cross motions for summary judgment, to grant plaintiff summary judgment on its first and second causes of action against the Hudson defendants, to declare that the laundry room contract between plaintiff and the previous ground lessee is a valid lease, binding upon the Hudson defendants, to declare that the ground lessors lack standing to challenge the laundry room contract, and to grant plaintiff summary judgment dismissing all of the Hudson defendants' affirmative defenses except those related to plaintiff's tortious interference claim, and otherwise affirmed, without costs.

The upshot of the motion court's decision, as appealed, was that the ground lessors had standing to challenge the validity of the laundry room contract between plaintiff and a previous ground lessee; that although that contract constituted a lease, not a license, it was invalid and not binding on defendants as it violated the operative ground lease; and that plaintiff's tortious interference with contract claim against the Hudson defendants failed since the laundry room contract was not valid and binding.

However, on the prior appeal in this action (55 AD3d 382 [1st Dept 2008]), this Court determined that the Hudson defendants lacked standing to argue that the contract between plaintiff and the prior ground lessee violated the ground lease, as there was no evidence that the ground lessors were threatening to terminate the lease with the Hudson defendants on the basis that the Hudson defendants were honoring the contract in violation of the ground lease. For the same reason, at this juncture, the ground lessors have no standing to seek to invalidate the laundry room contract solely because it violates the ground lease. Nor have the ground lessors demonstrated a present possessory interest in the building's laundry room or that they have an interest in the dispute between plaintiff and the Hudson defendants.

The Hudson defendants failed to raise an issue of fact as to whether plaintiff and the prior ground lessee intended the laundry room contract to be a license, rather than a lease (see id.). Thus, in light of the foregoing, the laundry room contract is a valid lease, binding upon the Hudson defendants.

Although the motion court dismissed plaintiff's tortious interference claim on the ground that the laundry room contract was *invalid*, plaintiff's tortious interference claim against the Hudson defendants should nevertheless be dismissed. Since the Hudson defendants acted on the basis of

their economic self-interest in refusing to accept the assignment of the laundry room contract, which included terms unfavorable to them such as below-market rent, they cannot be liable for tortious interference with plaintiff's contract (*see e.g. Collins v E-Magine*, 291 AD2d 350, 351 [1st Dept 2002], *lv denied* 98 NY2d 605 [2002]. Concur—Gonzalez, P.J., Mazzarelli, Acosta, Clark and Kapnick, JJ.