**YS 541 Lexington Holdings LLC v DCH Lex Propco Sub LP**

2024 NY Slip Op 30275(U)

January 22, 2024

Supreme Court, New York County

Docket Number: Index No. 653461/2022

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

--------------------------------------------------------------------------------X

YS 541 LEXINGTON HOLDINGS LLC,

|  |  |  |
|---|---|---|
| | **INDEX NO.** | 653461/2022 |

Plaintiff,

|  |  |  |
|---|---|---|
| | **MOTION DATE** | 10/16/2023 |

- v -

|  |  |  |
|---|---|---|
| | **MOTION SEQ. NO.** | 003 |

DCH LEX PROPCO SUB LP, DCH LEX OPCO SUB LP,
DUNE REAL ESTATE FUND IV LP, AYNSLEY CAPITAL,
L.P., STATE OF NEW YORK DEPARTMENT OF
TAXATION AND FINANCE, NEW YORK CITY
DEPARTMENT OF FINANCE, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD, THE NEW YORK
CITY WATER BOARD, JOHN DOES 1-100,

**DECISION + ORDER ON
MOTION**

Defendant.

--------------------------------------------------------------------------------X

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 89, 90, 91, 92, 93,
94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115,
116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135,
136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 171, 172, 173,
174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193,
194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 208
were read on this motion to/for               SUMMARY JUDGMENT(BEFORE JOIND)                          .

The motion (Mtn. Seq. No. 003) for summary judgment is granted because it is undisputed that a

maturity default occurred prior to any of the facts which form the basis of any of the

counterclaims in this case.


Reference is made to the following loan documents (collectively, the **Loan Documents**): (i) (a) a

certain Acquisition Promissory Note (NYSCEF Doc. No. 133) in the maximum principal amount

of $140,000,0000, (b) a certain Building Loan Promissory Note (NYSCEF Doc. No. 136) in the

maximum principal amount of $9,440,000, and (c) a certain Project Loan Promissory Note

(NYSCEF Doc. No. 139) in the maximum principal amount of $20,560,000, each dated May 9,

**653461/2022  YS 541 LEXINGTON HOLDINGS LLC vs. DCH LEX PROPCO SUB LP ET AL**
**Motion No. 003**

Page 1 of 6

2018, by Del Lex Propco Sub LP (**Propco**) and payable to the Loancore Capital Credit REIT LLC (**Loancore**), (ii) (a) a certain Acquisition Loan Agreement (NYSCEF Doc. No. 132), (b) a certain Building Loan Agreement (NYSCEF Doc. No. 135), and (c) a certain Project Loan Agreement (NYSCEF Doc. No. 138; the Acquisition Loan Agreement, the Building Loan Agreement and the Project Loan Agreement, hereinafter collectively, the **Loan Agreements**), each dated May 9, 2018, by and among Propco, DCH LEX OPCO SUB LP (**OPCO**) and Loancore, (iii) (a) a certain Acquisition Loan Fee and Leasehold Mortgage, Assignment of Leases and Rents and Security Agreement (NYSCEF Doc. No. 134), (b) a certain Building Loan Fee and Leasehold Mortgage, Assignment of Leases and Rents and Security Agreement (NYSCEF Doc. No. 137), and (c) a certain Project Loan Fee and Leasehold Mortgage, Assignment of Leases and Rents and Security Agreement (NYSCEF Doc. No. 140), each dated May 9, 2018, by and among Propco, Opco and Loancore, (iv) a certain Assignment of Leases and Rents (NYSCEF Doc. No. 141), dated as of May 9, 2018, by and among Propco, Opco and Loancore, and (v) a certain Guaranty of Recourse Obligations (NYSCEF Doc. No. 142) made by Dune Real Estate Fund IV LP (**Dune**) and Aynsley Capital, L.P. (**Aynsley**) in favor of Loancore. Pursuant to the Loan Agreements, the stated maturity date for the loans made pursuant to the Loan Documents was May 9, 2021. In June of 2018, LoanCore assigned its interests in the loans made pursuant to the Loan Documents to LLC Warehouse I LLC (**Warehouse**) (NYSCEF Doc. Nos. 143-146).

When the maturity date came and passed without repayment of the loans, pursuant to a letter (NYSCEF Doc. No. 147), dated May 18, 2021, from Warehouse to Propco, Opco, Dune and Aynsely, Warehouse, among other things, declared a default based on the fact that the borrower

653461/2022   YS 541 LEXINGTON HOLDINGS LLC vs. DCH LEX PROPCO SUB LP ET AL          Page 2 of 6
Motion No.  003

2 of 6

had failed to pay the Loan and Other Loans (as such terms are defined in the Building Loan Agreement) and that as such an Event of Default had occurred on the Maturity Date (*i.e.*, May 9, 2021) and interest continued to accrue at the Default Rate ($40,178.98 per day) from the date of the Event of Default and demanded payment in respect thereof.

In early March of 2022 (and after a maturity default had already occurred), Warehouse assigned its interests to YS 541 Lexington Holdings LLC (the **Lender**) (NYSCEF Doc. Nos. 149-151).

Subsequently, the Lender brought this lawsuit. Now, the Lender has brought this motion seeking summary judgment and foreclosure and sale of the property pursuant to the Loan Documents. It is undisputed that the loans were not paid at any time prior to that Maturity Date and that the amounts due remain outstanding (NYSCEF Doc. No. 128 ¶¶ 32, 36). Thus, the Lender is entitled to summary judgment on its claim based upon the maturity default.

As discussed above, the Lender also seeks dismissal of the counterclaims which the Court will address in turn below.

The counterclaim (NYSCEF Doc. No. 35) for breach of a certain letter agreement (the **Confidentiality Agreement;** NYSCEF Doc. No 36), dated May 25, 2021, by and between Propco and Solid Rock Advisors East, LLC (**Solid Rock**) asserted against the Lender both is not a bar to the grant of summary judgment based on the maturity default and otherwise is dismissed. As an initial matter, the Confidentiality Agreement was entered into **after the maturity default**

653461/2022   YS 541 LEXINGTON HOLDINGS LLC vs. DCH LEX PROPCO SUB LP ET AL   Page 3 of 6
Motion No. 003

3 of 6

**occurred** and thus even if breached does not provide any defense to the grant of summary judgment based on the maturity default.

The counterclaim for breach of the Confidentiality Agreement asserted against the Lender also is not a bar to the granting of summary judgment in favor of the Lender and is otherwise dismissed. Simply put, the Lender is not a party to the Confidentiality Agreement. Nor is the Lender alleged to be an agent or affiliate of Solid Rock. The Lender is also not a third-party beneficiary of the Confidentiality Agreement. It is identified nowhere in the Confidentiality Agreement, and there is no expressed intent that it would run to the Lender's benefit. (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]). Even if the Lender were a third-party beneficiary, New York does not recognize a cause of action against a third-party beneficiary based on alleged breaches of an agreement to which the third-party beneficiary never agreed (*N.F. Gozo Corp. v Kiselman*, 38 Misc 3d 48, 51 [2d Dept 2012]). If a cause of action here lies, it lies against Solid Rock for failing to cause the Lender to agree to the Confidentiality Agreement.

The counterclaim for tortious interference with contract also does not prevent the granting of summary judgment in Lender's favor at this time and otherwise fails for three separate reasons. As an initial matter, the Court notes that the Confidentiality Agreement at issue was executed after the maturity default had occurred. Equally importantly, tortious interference with contract requires (i) the existence of a valid contract with a third party, (ii) the defendant's knowledge of that contract, (iii) the defendant's intentional and improper procuring of a breach, and (iv) damages (*White Plains Coat & Apron Co., Inc. v Cintas Corp.*, 8 NY3d 422, 426 [2007]). First, the defendants fail to sufficiently allege that the Lender even knew of the Confidentiality

653461/2022   YS 541 LEXINGTON HOLDINGS LLC vs. DCH LEX PROPCO SUB LP ET AL           Page 4 of 6
Motion No.  003

[* 4]

Agreement's existence. The Complaint's sole reference to this element (Complaint ¶ 22) is vague, conclusory, and supported by mere speculation. (*Carlyle, LLC v Quik Park 1633 Garage LLC*, 160 AD3d 476, 477 [1st Dept 2018].) Second, the Lender had an economic interest in acquiring the Loans in any event. Third, the defendants fail to allege that the Lender engaged in any malicious or illegal conduct of any kind. (*Collins v E-Magine, LLC*, 291 AD2d 350, 351 [1st Dept 2002].)

As to the declaratory judgment counterclaim, although the defendants are correct that the power of attorney provision in Sections 8.2.3 of the Loan Agreements must be strictly construed and can not be used by the Lender to execute documents on behalf of parties that did not grant the power of attorney, this does not mean that the defendants did not breach their obligation to execute additional documentation necessary to sever the loans pursuant to Section 9.2 of the Loan Agreements (*see* NYSCEF Doc. No. 135 § 9.2; NYSCEF Doc. No. 132 § 9; NYSCEF Doc. No 138 § 9). As such, the defendants are not entitled to a declaration that they are not required to execute additional documentation under Loan Documents as they agreed to do and are only entitled to a declaration that the Lender may not execute documents on behalf of entities that did not grant them a power of attorney.

Accordingly, it is hereby

ORDERED that the Plaintiff's motion for summary judgment granted; and it is further

ORDERED that the Plaintiff shall serve judgment on notice; and it is further

653461/2022   YS 541 LEXINGTON HOLDINGS LLC vs. DCH LEX PROPCO SUB LP ET AL     Page 5 of 6
Motion No.  003

5 of 6

ORDERED that the Defendants' counterclaims for breach of the NDA and for tortious interference with contract are dismissed; and it is further

ORDERED that the Defendants' counterclaim for declaratory judgment is dismissed to the extent that they are not entitled to a declaration that they are not required to execute additional documents under the Loan Agreements; and it is hereby

ORDERED that the Defendants' counterclaim for declaratory judgment is granted solely to the extent that they are entitled to a declaration that the Lender may not execute documents on behalf of entities that did not grant the Lender a power of attorney.

20240122104753ADORROK2030522E6F314CC09210D8110F41FC50

**1/22/2024**
**DATE**

**ANDREW BORROK, J.S.C.**

| CHECK ONE: | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | | GRANTED | | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

653461/2022 YS 541 LEXINGTON HOLDINGS LLC vs. DCH LEX PROPCO SUB LP ET AL Page 6 of 6
Motion No. 003

6 of 6