Morand v Coachman Luxury Transp., Inc. (2024 NY Slip Op 03141)

Morand v Coachman Luxury Transp., Inc.

2024 NY Slip Op 03141

Decided on June 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 11, 2024

Before: Manzanet-Daniels, J.P., Singh, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 32701/19 Appeal No. 2466 Case No. 2023-04268 

[*1]Matthew Morand et al., Appellants,
v
Coachman Luxury Transport, Inc., et al., Respondents, Hop In Bus Service LLC, et al., Defendants-Appellants, Kolokani Trucking LLC et al., Defendants.

The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for Matthew Morand and Tali Morand, appellants.
Gallo Vitucci Klar LLP, Irvington (Melissa A. McCarthy of counsel), for Hop In Bus Service LLC and Taurean Kelly, appellants.
Carol R. Finocchio, Water Mill, for respondents.

Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered on or about March 13, 2023, which granted the motion of defendants Coachman Luxury Transport, Inc. (Coachman) and Bus Around Town Corp.'s (Bus Around) (collectively, Coachman defendants) for summary judgment dismissing plaintiffs Matthew and Tali Morand's complaint and all cross-claims of defendants Hop In Bus Service LLC (Hop In) and Taurean Kelly (collectively, Hop In defendants) as against them, unanimously affirmed, without costs.
Coachman defendants met their prima facie burden demonstrating entitlement to summary judgment by submitting the affidavit of their president, Scott Margolin, and the annexed invoices, along with the Hop In defendants' admissions, which established that Coachman defendants did not own or operate the bus involved in the accident at issue, nor did they employ the bus driver (see Williams v D & J School Bus, Inc., 69 AD3d 617, 618 [2nd Dept 2010]). The Hop In defendants, who had personal knowledge of the relevant facts, never alleged a relationship between them and the Coachman defendants for the school trip.
Moreover, Supreme Court properly found the Coachman defendants' invoice farming out the work to Hudson admissible, as Margolin's affidavit was sufficient to authenticate the document and appellants do not substantively challenge its authenticity (see Global MantÉllo Group Corp. v Bronx Auto Tire, Inc., 184 AD3d 494, 495 [1st Dept 2020]).
Generally, "a party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligent acts" (Kleeman v Rheingold, 81 NY2d 270, 273 [1993]; see also Chainani v Board of Educ. of City of N.Y., 87 NY2d 370, 380-381 [1995]; Nelson v E&M 2710 Clarendon LLC, 129 AD3d 568, 569 [1st Dept 2015]; Maristany v Patient Support Servs., 264 AD2d 302, 302 [1st Dept 1999]). Here, none of the three exceptions applied: (1) where the employer was negligent in selecting, instructing, or supervising the independent contractor; (2) where the independent contractor was hired to perform work that is inherently dangerous; or (3) where a specific nondelegable duty existed (see Saini v Tonju Assoc., 299 AD2d 244, 245 [1st Dept 2002]; see Chiles v D & J Serv., Inc., 34 AD3d 319, 320 [1st Dept 2006]; see also Coker v Perez, 211 AD3d 507, 507 [1st Dept 2022]).
Moreover, the motion for summary judgment was not premature (Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP, 44 AD3d 557, 557 [1st Dept 2007]; see also Flores v City of New York, 66 AD3d 599, 600 [1st Dept 2009]). Where the nonmovants are in a position to provide sufficient relevant information in opposition, and the material facts are undisputed, the motion should not be denied as premature (see Ahmad v Behal, 221 AD3d 558, 559 [1st Dept 2023]; see also Salodkaya v City of New York, 193 AD3d 604, 604-605 [1st Dept 2021]).
Discovery was not necessary to determine the relationship of the parties[*2]. As noted above, Hop In defendants never alleged a relationship between them and Coachman defendants for the high school trip, and Hop In admitted that the driver was Hop In's employee, and that he operated and controlled the bus within the scope of his employment. Finally, Coachman defendants' president averred in his affidavit that his company farmed out the job and did not provide, lease, own, operate, control, maintain, or repair the bus involved, nor did it employ or retain the driver. Margolin also stated that the Coachman defendants did not have a contract with Hop In.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2024